WILLIAMS ET AL., APPELLANTS, *v.* BANNER BUICK, INC., APPELLEE.

(No. CA89-03-041—Decided November 27, 1989.)

*Maury M. Tepper* and *Steven C. Shane,* for appellants.

*Gates T. Richards & Associates Co., L.P.A.,* and *Gates T. Richards,* for appellee.

KOEHLER, J. Plaintiffs-appellants, Steven Williams and Amy Williams ("the Williamses"), filed a complaint against defendant-appellee, Banner Buick, Inc. ("Banner Buick"), on August 2, 1988 in the Fairfield Municipal Court asserting a violation of the Ohio Consumer Sales Practices Act and common-law fraud.

The underlying substantive facts in the instant case reveal that on October 15, 1987 the Williamses purchased from Banner Buick a 1986 Chevrolet Cavalier station wagon, with over thirty-seven thousand miles, which was represented to be a 1985 model. In the spring of 1988, the engine of the automobile in question effectively quit. Banner Buick was subsequently contacted but failed to provide any remedy whatsoever to the Williamses. Thereafter, this suit was filed to afford the Williamses an adequate remedy consistent with the prior automobile sale or the bargained-for exchange. Judge James E. Walsh disqualified himself from this case due to a conflict of interest on September 20, 1988 and appointed Larry E. Deis as acting judge. However, an entry was not executed until February 21, 1989 when it was declared *nunc pro tunc* to September 20, 1988.

A jury trial was then held on January 25, 1989. The court, after impaneling a jury, but before voir dire, demanded that counsel for the Williamses elect between the remedies of damages and rescission pursuant to R.C. 1345.09(B) of the Ohio Consumer Sales Practices Act. Apparently, the court reasoned that this election was required in order to determine whether to properly proceed with a jury trial.

During this hearing, outside the jury's presence, counsel for the Williamses repeatedly refused to elect a remedy prior to trial, reiterating his belief that R.C. 1345.09(B) did not require such an election. Thereupon, counsel for Banner Buick orally moved to dismiss pursuant to Civ. R. 41(B)(1). The court orally granted the motion and dismissed the Williamses' claims with prejudice, as later evidenced by written entry on February 9, 1989.

The Williamses timely filed this instant appeal setting forth the following assignments of error:

First Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by dismissing the complaint of the plaintiffs-appellants with prejudice for refusing to make an election of remedies under the Ohio Consumer Sales Practices Act before the trial commenced in order to determine whether plaintiffs-appellants were entitled to a trial by jury."

Second Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by granting a motion to dismiss pursuant to Civil Rule 41(B)(1) for failure to comply with a court order without providing notice to counsel for plaintiffs-appellants."

Third Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by dismissing their claims with prejudice for failure to comply with an order of the court requiring plaintiffs-appellants to make an election of remedies when the purported 'order' was neither filed nor journalized."

Fourth Assignment of Error:

"The trial court committed an abuse of discretion when it dismissed

plaintiffs' claims with prejudice for failing to comply with a court order."

Fifth Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by dismissing plaintiffs-appellants' claims when the trial court was illegally appointed and, therefore, was absent any judicial authority to render a decision in the case involving these parties."

Sixth Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants by dismissing the plaintiffs-appellants' claims with prejudice when, as an acting judge, there was no order properly placed and entered of record authorizing the acting judge to act in the case."

Seventh Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants when, after dismissing the Ohio Consumer Sales Practices Act claim for failing to make an election of remedies under O.R.C. 1345.09, it also dismissed plaintiffs-appellants' claim [sic] fraud claim with prejudice."

Eighth Assignment of Error:

"The trial court erred to the prejudice of the plaintiffs-appellants when, after swearing in a jury panel, it then failed to allow a jury trial to take place."

## I

The first assignment of error advanced by the Williamses examines at what time a claimant under the Ohio Consumer Sales Practices Act must elect between remedies provided in R.C. 1345.09(B). In essence, the Williamses argue that a party bringing an action under the Ohio Consumer Sales Practices Act is entitled to a determination of liability by the trier of fact prior to a remedy election. We disagree.

R.C. 1345.09 states in pertinent part:

"(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, *the consumer may, in an individual action, rescind the transaction or recover his damages.*

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, *the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater,* or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended." (Emphasis added.)

The Ohio Consumer Sales Practices Act codified in R.C. 1345.09 clearly requires an aggrieved consumer to either rescind the transaction or sue for damages. It is axiomatic that this election must occur prior to trial to be consistent with the intent of the legislature to provide an additional statutory remedy for an unfair or deceptive sales practice. See R.C. 1345.13. Further, allowing the moving party to forgo his remedy election would prejudice the defendant, since an action in rescission and one in money damages are different and inconsistent remedies as a matter of law. See 1 Ohio Jurisprudence 3d (1977) 431, Actions, Section 63.

In *Mihailoff* v. *Ionna* (May 6, 1987), Hamilton App. No. C-860040, unreported, the court in ruling against plaintiff-appellant held that an election of remedies is necessary in order to in-

voke the provisions of R.C. 1345.09(B). The court held that R.C. 1345.09 mandates a choice between rescission and treble damages in seeking a private remedy.

The intent of the legislature in fashioning a private remedy under the Ohio Consumer Sales Practices Act is to provide an alternative but separate remedy. An action in rescission and an action for money damages are mutually exclusive remedies as provided in R.C. 1345.09 and, therefore, are not cumulative cures for the same actionable conduct. *Freitag* v. *Bill Swad Datsun* (1981), 3 Ohio App. 3d 83, 3 OBR 96, 443 N.E. 2d 988, paragraph four of the syllabus.

The Cuyahoga County Court of Common Pleas, in deciding the question of a remedy election, held as follows:

"* * * [T]he remedies under O.R.C. Sections 1345.09(A) and 1345.09(B) are in the alternative, and not cumulative. Thus, *plaintiff must choose which remedy to pursue, whether rescission or damages.*" (Emphasis added.) *Geis* v. *Ganley Dodge, Inc.* (Dec. 10, 1987), Cuyahoga C.P. No. 98710, unreported, at 4.

Accordingly, it is apparent to us that a party seeking recovery under R.C. 1345.09 must elect the appropriate remedy prior to trial. Therefore, the court below properly insisted on an election by counsel, which was not forthcoming. As a result, the first assignment of error is not well-taken and is hereby overruled.

## II

In their second, third and fourth assignments of error, the Williamses attack the trial court's dismissal of their cause of action with prejudice under Civ. R. 41(B)(1), for an alleged failure to comply with a "court order." The basis of this argument is whether the court abused its discretion by granting an oral motion to dismiss without allowing the Williamses' counsel to respond by either electing the appropriate remedy or by arguing against such election prior to the court's dismissal.

Civ. R. 41(B)(1) states:

"Where the plaintiff fails to prosecute, *or comply with these rules or any court order,* the court upon motion of a defendant or on its own motion may, *after notice* to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)

It is within the trial court's sound discretion to dismiss an action for failure to comply with a court order. Accordingly, appellate review of such a dismissal involves a determination of whether the court abused its discretion. *Sgro* v. *McDonald's Restaurant* (1984), 21 Ohio App. 3d 41, 21 OBR 43, 486 N.E. 2d 157; *Apgar* v. *Lance* (June 27, 1988), Clinton App. No. CA87-12-030, unreported. As stated in Civ. R. 41(B)(1), a condition precedent to dismissal of an action for failure to comply with a court order is notice to the plaintiff of the court's intention to dismiss. The notice requirement is an absolute prerequisite for dismissal for failure to prosecute or comply with a court order. *Perotti* v. *Ferguson* (1983), 7 Ohio St. 3d 1, 7 OBR 256, 454 N.E. 2d 951; *Drescher* v. *Summers* (1986), 30 Ohio App. 3d 271, 30 OBR 469, 507 N.E. 2d 1170.

The Ohio Supreme Court has consistently held that it is an abuse of discretion to dismiss an action for want of prosecution where no notice is given to the plaintiff, or counsel, prior to dismissal that the action would be dismissed. *Levy* v. *Morrissey* (1986), 25 Ohio St. 3d 367, 25 OBR 416, 496 N.E. 2d 923; *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 6 OBR 403, 453 N.E. 2d 648. Similarly, a court must communicate its intent to dismiss an action for failure to comply with a court order

prior to dismissal pursuant to Civ. R. 41(B)(1).

In the case *sub judice,* the Williamses' counsel refused the court's order to "elect remedies" on several occasions during a hearing prior to voir dire on January 25, 1989. Thereupon, counsel for Banner Buick moved for a dismissal according to Civ. R. 41(B)(1). The court immediately granted dismissal without allowing the Williamses' counsel an opportunity to respond. Further, the court below failed to provide proper "notice" of its intention to dismiss with prejudice if an election of remedy was not made.

Clearly, the record in the instant case is devoid of any notice to the Williamses prior to dismissal. As stated in *Ohio Furniture Co.* v. *Mindala* (1986), 22 Ohio St. 3d 99, 101, 22 OBR 133, 135, 488 N.E. 2d 881, 883:

"* * * [T]he notice requirement of Civ. R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ. R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of *prior notice.*" (Emphasis *sic* in part and emphasis added in part.)

The trial court in these proceedings abused its discretion by failing to ensure adequate notice before dismissal. Therefore, the second, third and fourth assignments of error are well-taken, requiring a remand to the lower court for the purpose of allowing the Williamses the opportunity to properly elect remedies pursuant to R.C. 1345.09(B).

## III

The Williamses' fifth and sixth assignments of error take issue with the authority of an appointed "acting judge." In particular, the Williamses contend that "acting judge" Deis was improperly appointed by Judge Walsh, rendering any decision by Deis void *ab initio.*[1]

R.C. 2937.20 provides:

"When a magistrate or a judge of a court inferior to the court of common pleas is interested in a cause pending before him, or is related to or has a bias or prejudice either for or against a party to such cause or to his counsel, or is otherwise disqualified to sit in such cause, *on the filing of an affidavit of such party, or his counsel,* setting forth the fact of such interest, relationship, bias, prejudice, or disqualification, the clerk or deputy clerk of such court, or such magistrate, *shall enter the filing of such affidavit on the docket in said cause, and, forthwith notify the presiding judge, or the chief justice of the court of common pleas,* or if there is no such officer, then a judge of the court of common pleas or if such judge is not available[,] then a judge of the probate court of such county, who shall proceed without delay to examine into said affidavit, and if he finds from all the evidence that such interest, relationship, bias, prejudice, or disqualification exists, he shall designate another magistrate of the township or county, or another judge of said inferior court, or the court of common pleas to hear and determine said cause. * * *" (Emphasis added.)

In the present matter, no affidavit

---

[1] Judge Walsh disqualified himself from these proceedings on September 20, 1988 and appointed Deis as an "acting judge" at that time. However, Judge Walsh failed to execute an entry and later placed it in the record, *nunc pro tunc,* on February 21, 1989, declaring it effective to September 20, 1988. The Williamses insist that the failure to formally appoint Deis as of September 20, 1988 renders his actions null and void as without the power and authority of law.

of prejudice or bias was filed, since Judge Walsh disqualified himself pursuant to Canon 3C of the Code of Judicial Conduct.[2] However, the Williamses still seek to utilize R.C. 2937.20 at this juncture, even though they failed to properly implicate the statute or object to the appointment of Deis.[3]

The machinery of R.C. 2937.20 is put into action upon the filing of an affidavit of prejudice. Absent such filing, this statute does not apply. Therefore, the Williamses' use of R.C. 2937.20 in these proceedings is misplaced. *Bedford* v. *Lacey* (1985), 30 Ohio App. 3d 1, 30 OBR 38, 506 N.E. 2d 224; *State, ex rel. Sowell,* v. *Lovinger* (May 4, 1984), Cuyahoga App. No. 45529, unreported. For earlier case, see *State, ex rel. Sowell,* v. *Lovinger* (1983), 6 Ohio St. 3d 21, 6 OBR 18, 450 N.E. 2d 1176.

In *Lovinger, supra,* the Cuyahoga County Court of Appeals stated at 7: "* * * We hold that when the affidavit of prejudice was filed against Judge Donaldson pursuant to R.C. 2929.20 [*sic,* 2937.20], the provisions of R.C. 2929.20 [*sic*] became applicable as to the appointment of Judge Donaldson's substitute; and that Judge Donaldson had no authority to appoint his substitute after his withdrawal as judge because of the filing of such affidavit of prejudice."

Thus, it is evident that an affidavit *must* be filed by a party in order for the procedure outlined in R.C. 2937.20 to be applicable. Further; pursuant to Sections 5(A)(3) and (C) of Article IV of the Ohio Constitution and *Bedford, supra,* the Chief Justice of the Ohio Supreme Court has the sole authority to decide an appointment with respect to a municipal judge who has disqualified himself.

Hence, the argument advanced by the Williamses insisting that Deis lacked authority to hear their case due to irregularities in the appointment process is not well-taken.

The Williamses also take issue

---

[2] Canon 3C of the Code of Judicial Conduct provides, in pertinent part:

"(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

"(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

"(b) he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]"

[3] On March 22, 1989, the Williamses filed a complaint in prohibition in this court. In the complaint, the relators sought to (1) rescind the order of September 20, 1988 by Judge Walsh appointing Deis as acting judge; (2) rescind the dismissal of the trial court case; (3) order reimbursement of all attorney fees and costs; and (4) grant any other relief deemed appropriate.

Respondents Judge Walsh and Deis filed a timely answer on April 21, 1989. Thereafter, the parties filed motions for summary judgment. In an entry dated August 9, 1989, this court denied the relators' motion for summary judgment and thereby granted the respondent's motion, holding that prohibition is a writ to be issued against a judge who is *about* to exceed his jurisdiction, and *is not* a remedy for undoing an action already taken by a judge who may have allegedly exceeded his jurisdiction. *State, ex rel. Stefanick,* v. *Municipal Court* (1970), 21 Ohio St. 2d 102, 50 O.O. 2d 265, 255 N.E. 2d 634; *State, ex rel. Henneke,* v. *Davis* (1986), 25 Ohio St. 3d 23, 25 OBR 19, 494 N.E. 2d 1133; *State, ex rel. La Boiteaux Co.,* v. *Court* (1980), 61 Ohio St. 2d 60, 15 O.O. 3d 85, 399 N.E. 2d 90; *State, ex rel. Zakany,* v. *Avellone* (1979), 58 Ohio St. 2d 25, 12 O.O. 3d 14, 387 N.E. 2d 1373.

with the failure of the court below to prepare a judgment entry evidencing the appointment of the acting judge until February 21, 1989.

A judgment entry *nunc pro tunc* was filed on February 21, 1989 appointing an acting judge in this case as of September 20, 1988. The Williamses maintain that actions taken by Deis are null and void since an entry was not journalized at the time of such appointment.

Although a journalized entry formally appointing an acting judge would have been better practice, failure to do so in this case does not render the actions of such acting judge void. In *Demereaux* v. *State* (1930), 35 Ohio App. 418, 172 N.E. 551, the court held that a judgment is not void by virtue of an irregularity in the appointment of the judge who rendered judgment. Further, the court stated at 422, 172 N.E. at 553:

"* * * However, as much as we deprecate the irregular way in which the substitute for the regularly elected judge assumed the functions of the judge in this case, the record shows some color of title to appointment as substitute, and he was a *de facto* acting municipal judge, and the judgment, if any, entered by him, is not now open to attack on that ground. *Stiess* v. *State* [1921], 103 Ohio St., 33, 132 N.E., 85."

Clearly, the decision by the Williamses to proceed without challenge or objection concerning the appointment of Deis renders any possible error waived. In addition, the acting judge, by having "colorable" authority, is deemed a *de facto* judge with all the power and authority of a proper *de jure* judge. Consequently, actions taken by Deis are legally valid and binding. Accordingly, the Williamses' fifth and sixth assignments of error attacking the authority of Acting Judge Deis are overruled.

## IV

In their seventh assignment of error, the Williamses maintain that the dismissal of their common-law fraud cause of action was not proper when the trial court dismissed pursuant to Civ. R. 41(B)(1) for failure of counsel to elect a remedy under R.C. 1345.09.

The Williamses brought suit against Banner Buick for both a violation of the Ohio Consumer Sales Practices Act and common-law fraud. In the complaint, alternative relief was sought for each cause of action, consisting of money damages of $9,999 or rescission. In its dismissal entry, the lower court stated:

"* * * Outside the presence of the Jury, the Court explained that it deemed Plaintiffs' Two Causes of Action to be in the form of alternative relief because each cause of action asked for rescission or money damages. The Court further explained that it was the decision of the Court * * * that rescission was an equitable form of relief and, therefore, that was a matter not triable to a Jury. The Court then ruled that before proceeding any further, with voir dire to a Jury, that the Plaintiffs would have to elect whether the Plaintiffs were going forward on rescission or money damages.

"Upon the Court's ruling that the Plaintiffs would have to elect rescission or money damages, Plaintiffs' counsel objected. After a lengthy discussion of Plaintiffs' objections, Plaintiffs' counsel indicated that he was not going to make an election. The Court then asked Plaintiffs' counsel two (2) more times to elect either rescission or money damages. Plaintiffs' counsel refused. Defendant's counsel moved the Court to dismiss this matter pursuant to Civil Rule 41(B)(1) for Plaintiffs' refusal to comply with this Court's order.

"After considering said Motion,

the Court found said Motion to be well taken and granted same."

In an action in law for fraud, the party bringing suit chooses to affirm the contract and sue for money damages. However, in the case of a rescission, such party chooses to disaffirm the contract obligation and be returned to the status quo. Thus, these remedies are clearly inconsistent with each other due to the fact that an action for money damages continues the contract, while a rescission repudiates the contract and places the wronged party in his original position. 51 Ohio Jurisprudence 3d (1984) 42, Fraud and Deceit, Section 185. In any event, an election between money damages or rescission is required by an aggrieved party seeking relief from a fraudulent transaction. 1 Ohio Jurisprudence 3d (1977) 434, Actions, Section 67.

In *Frederickson* v. *Nye* (1924), 110 Ohio St. 459, 144 N.E. 299, the court held that an action in law for money damages is inconsistent with an action in equity based on the same fraud and, therefore, requires an election of remedies. The court stated at 466, 144 N.E. at 301:

"An election of remedies or forms of action or procedure does not necessarily involve a choice as between two existing substantive rights. A form of action or remedy is but a means of administering justice rather than an end in itself. There is, therefore, a marked distinction between an election between remedies or forms of action and an election of remedial rights. One goes to the substance and the other to the form. Where the remedies afforded are inconsistent, it is the election of one that bars the other; where they are consistent, it is the satisfaction which operates as a bar. *It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other,*

*and not the fact that the forms of action are different.*" (Emphasis added.)

In the case *sub judice,* the election of a remedy pursuant to the Williamses' common-law fraud claim is proper. Accordingly, the lower court's dismissal of both counts in the complaint for failure to elect a remedy is not error. The seventh assignment of error is overruled.

## V

In their final assignment of error, the Williamses claim that once a jury is impaneled a trial must go forward. This rendition of the apparent law is not proper since Civ. R. 41(B)(1) allows a court discretion in dismissing an action for failure to comply with a court order, upon proper notice to the parties.

Although the majority of dismissals pursuant to Civ. R. 41(B)(1) occur during the pretrial stages for failure to prosecute or to comply with discovery orders, the rule is not limited in scope. In its discretion, a court may dismiss an action when a party blatantly refuses to comply with a demand, in defiance of court authority. Browne, Ohio Civil Procedure (1987) 749, 778.

In the present case, the dismissal in question occurred prior to trial but after impaneling the jury. However, there is no requirement of court procedure that a jury trial must go forward when a party refuses to proceed by failing to elect a remedy. Thus, we find no merit in this argument and accordingly overrule the assignment of error. Further, our resolution of the second, third and fourth assignments of error renders this proposition of no consequence and, therefore, moot.

## VI

Pursuant to the foregoing analysis and discussion, we find that the court below improperly dismissed this cause of action due to its failure to provide

the Williamses proper notice before the court took action pursuant to Civ. R. 41(B)(1). Although counsel for the Williamses was blatant in not electing between remedies, the court regardless was required to provide notice of its intention to dismiss for failing to elect. Therefore, we reverse and remand the lower court's dismissal with instructions to hold proceedings allowing the Williamses' counsel an opportunity to elect a remedy. Accordingly, the Williamses' first, fifth, sixth, seventh and eighth assignments of error are hereby overruled; assignments two, three and four are sustained.

Judgment affirmed in part and reversed in part, and remanded.

*Judgment accordingly.*

YOUNG, J., concurs.

JONES, P.J., concurs separately.

JONES, P.J., concurring. I concur that this case must be remanded. The trial court erred in dismissing appellants' complaint with prejudice pursuant to Civ. R. 41(B)(1), without first providing notice to appellants' counsel.