MEMORANDUM DECISION
Appellant, Royce W. Crim, appeals from an entry of dismissal of the Ohio Court of Claims dismissing his complaint against appellee, Ohio Department of Rehabilitation and Correction, for failure to identify an expert witness as required by a prior court order.
Appellant filed a complaint against appellee on September 4, 1997, alleging that appellee failed to give him credit towards his sentence for time served while awaiting a parole hearing, that appellee failed to establish a non-smoking dorm, and that appellant suffered from an aggravation to his existing lung condition based on exposure to smoke and dust at the London Correctional Institution. Appellee filed an answer denying all of appellant's allegations; both parties filed summary judgment motions.
On September 3, 1998, the Court of Claims issued an entry partially sustaining appellee's summary judgment motion on the grounds that appellant's claim regarding his sentence is barred by res judicata,
and that his claim regarding a non-smoking dorm was moot since appellant already was assigned to a non-smoking dorm. With regard to appellant's claim of aggravation of his existing lung damage, the court ordered appellant to identify his expert witness within ten days or his remaining claim would be dismissed. Instead of providing the name of an expert witness, appellant filed a motion requesting that the court dismiss his claim so that he could appeal the order. Appellant asserted that the court's order was "impossible" because his claim was that the smoke and dust had aggravated his condition, not that the smoke and dust caused his condition. The Court of Claims granted appellant's motion and dismissed his remaining claim due to his failure to comply with the court's order of September 3, 1998. Appellant filed a timely notice of appeal.
On appeal, appellant asserts one assignment of error, which was not formally designated as an assignment of error but which may be gleaned from his brief in support. Appellant argues that the Court of Claims abused its discretion by "substituting" his claim of aggravation of an existing lung condition with a claim that his lung damage was caused by the smoke and dust at the correctional facility, by ordering him to identify an expert witness to testify to this "substituted" claim, and by then dismissing his claim for non-compliance with the court order. We disagree.
The trial court dismissed appellant's claim of aggravation of his existing lung condition because he did not comply with the court's prior order to identify his expert witness. Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under Civ.R. 41(B)(1) is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Pembaur v. Leis (1982), 1 Ohio St.3d 89,91; Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128,131. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218.
Here, the Court of Claims ordered appellant to identify his expert witness within ten days of the filing of the entry partially granting appellee's summary judgment motion or his claim would be dismissed. Appellant argues that his compliance with this court order was "impossible" because his claim was for aggravation of his lung condition, rather than smoke and dust causing his lung condition. Although the Court of Claims may have misstated appellant's claim, this misstatement by the court did not excuse appellant's failure to identify an expert witness. Both the Local Rules of the Court of Claims and the court's order setting trial required appellant to provide appellee with copies of the opinions of any expert witnesses prior to trial. L.C.C.R. 7(E). Thus, the court's order merely requiring appellant to identify his expert less than one month prior to the trial date of October 5, 1998, should not have come as a surprise to appellant.
Additionally, the entry provided appellant with the notice required by Civ.R. 41(B)(1) by stating that his failure to comply would result in dismissal. Thus, the court fully complied with Civ.R. 41(B)(1). SeeWilliams, at 131-132. Although dismissal may be a harsh sanction for non-compliance with a court order, appellant specifically requested by motion that his claim be dismissed so that he could pursue an appeal. Consequently, the Court of Claims did not abuse its discretion in dismissing appellant's claim. Appellant's single assignment of error is overruled.
For the foregoing reasons, appellant's assignment of error is overruled, and the decision of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.