JOURNAL ENTRY AND OPINION
The appellant, Ann F. Wenneman, appeals from the decision of the trial court in favor of the appellee based on the appellant's action pursuant to the Ohio Consumer Sales Act. For the following reasons, this court affirms the decision of the trial court.
In January of 1997, appellant went to JS Auto to purchase a used motor vehicle. After showing interest in a 1995 4-door Mercury Sable, the appellant had her mechanic, Gary Plain of Plain Brothers Auto Service, Inc., check out the vehicle before she would purchase it. The mechanic checked out the car and recommended to appellant that she purchase the vehicle. The appellant, in reliance on her mechanic, purchased the vehicle on January 13, 1997.
After driving the vehicle for approximately eleven months, the appellant attempted to revoke the contract of sale and to rescind her purchase under the Ohio Consumer Practice Act.
Upon the conclusion of the case, the trial court granted judgment in favor of defendant. The appellant appeals the decision of the trial court and asserts the following assignments of error:
 I. THE COURT ERRED IN HOLDING THAT APPELLANT SAT ON HER RIGHTS AND DID NOT TIMELY RESCIND HER PURCHASE.
 II. THE COURT ERRED IN DETERMINING THAT APPELLANT'S CLAIMS MUST BE BASED UPON THOSE ACTIONS/CLAIMS THAT HAVE BEEN DECLARED BY A COURT OR THE OHIO ATTORNEY GENERAL TO BE A DECEPTIVE PRACTICE AND PLACED IN A PUBLIC FILE FOR REVIEW/ INSPECTION.
 III. THE COURT ERRED IN HOLDING THAT APPELLANT HAD TO PROVE THAT SHE SUFFERED LESS AS A RESULT OF THE FAILURE OF THE APPELLEE TO PROVIDE A PROPER RECEIPT.
 IV. THE COURT ABUSED ITS DISCRETION IN DISMISSING THE APPELLANT'S CLAIM DESPITE HOLDING THAT OTHER DECEPTIVE ACTS COMPLAINED OF BY APPELLANT WERE DECEPTIVE.
In appellant's first assignment of error, she alleges that the court erred when it concluded that she failed to obtain the remedy of rescission within a reasonable time from the date of the vehicle's purchase. The appellant's first assignment of error is without merit.
An appellate court may only reverse the decision of a trial court if the actions of the court rise to the level of an abuse of discretion. The supreme court further held that the term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id. at 122, citing, Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248, 1252.
The trial court determined that the appellant did not select the remedy of rescission within a reasonable time and, therefore, found in favor of the defendant.
R.C. 1345.09(A) provides private remedies for violations of the Ohio Consumer Practice Act and permits the injured party to choose between rescission of the contract or an action for damages. Where the consumer elects the remedy of rescission, he or she must revoke the transaction within a reasonable time after he or she discovers or should have discovered the ground for rescission. R.C. 1345.09(C) states the standard for the remedy of rescission:
 In an action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction.
The consumer is required to make the election between requesting rescission of damages prior to trial. Frey v. Vin Devers, Inc. (1992),80 Ohio App.3d 1 at 11, citing Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 574 N.E.2d 579.
If the appellant chooses the remedy of rescission, he must present evidence at trial that the revocation of the transaction was (1) within a reasonable time after discovery, and (2) before any substantial change in the car's condition has occurred.
The evidence presented at trial showed appellant's first request for revocation was made eleven months after the car was purchased, when the appellant should have received a receipt for the deposit she made as a down payment. The trial court concluded that waiting eleven months after she should have received a receipt from her down payment is not within a reasonable time. The trial court cited Frey v. Vin Devers, Inc. (Lucas Cty. 1992), 80 Ohio App.3d 1, which found that waiting six months after discovery of the deceptive practice is not reasonable.
The trial court's determination that the appellant did not attempt to revoke the contract within a reasonable time is not an abuse of discretion. By waiting eleven months after not receiving a receipt and only moving for rescission after the vehicle needed mechanical repairs, the appellant did not commence her revocation early enough to satisfy the first element of rescission. Therefore, appellant's first assignment of error is without merit.
Appellant's three remaining assignments of error will be discussed together. The remaining assignments of error suggest the court erred in its findings in regard to the appellant's list of appellee's deceptive practices. The appellant's three remaining assignments of error are all without merit.
Since the appellant did not request rescission within a reasonable time, the court's determination of whether or not the actions were deceptive are not necessary for review. Therefore, appellant's remaining assignments of error are without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________ FRANK D. CELEBREZZE, JR., J.:
MICHAEL J. CORRIGAN, P.J., AND ANN DYKE, J., CONCUR.