DECISION
{¶ 1} On June 17, 2002, relator, Charles R. Evans, filed this original action seeking a writ of prohibition ordering respondent, the Honorable Fredrick J. Shoemaker, Judge of the Ohio Court of Claims, to abstain from his duties as an assigned judge of that court, unless and until respondent takes a second oath or affirmation of office to support the United States and Ohio Constitutions.
 {¶ 2} On June 27, 2002, relator's complaint was referred to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who recommended that this court grant respondent's motion to dismiss relator's complaint, as relator had failed to state a claim upon which relief in prohibition may be granted. This matter now comes before this court upon relator's August 12, 2002 objection to the August 5, 2002 decision and recommendation of the magistrate. (Attached as Appendix A.) Relator's objection is opposed by the Attorney General of the State of Ohio on behalf of respondent.
 {¶ 3} On July 16, 2002, respondent filed a motion to dismiss relator's complaint pursuant to Civ.R. 12(B)(6). Civ.R. 12(B)(6) authorizes a court to dismiss a complaint for failure to state a claim upon which relief may be granted. Accordingly, it tests the legal sufficiency of the complaint. Because it tests the legal, and not factual sufficiency of a complaint, a court must presume all the factual allegations in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192; Pollock v. Rashid (1996),117 Ohio App.3d 361; and Cincinnati v. Beretta U.S.A. Corp.,95 Ohio St.3d 416, 2002-Ohio-2480, at ¶ 5. Stated alternatively, a court may grant a motion to dismiss only when it appears beyond doubt that the plaintiff can prove no set of facts warranting the relief sought. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus; Pollock, supra, at 367-368. If there is a set of facts, consistent with the complaint that would justify the relief prayed for, a court may not grant a motion to dismiss for failure to state a claim. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,145.
 {¶ 4} We begin by noting that relator has submitted absolutely no authority in support of his contention that respondent is required to take a second oath or affirmation in addition to the oath respondent took when he was initially and subsequently elected to the bench. Clearly, the burden of affirmatively demonstrating error rests with the relator. App.R. 16(A)(7); App.R. 9; and State ex rel. Fulton v. Halliday (1944),142 Ohio St. 548. Pursuant to App.R. 16(A)(7), relator must present his contentions with respect to each objection presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which he relies. It is not the duty of this court to search the record for evidence to support the relator's argument as to the alleged error. Slyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224. Stated alternatively, absent specific references to the record, unsubstantiated assertions will not be considered. Sykes Constr. Co. v. Martell (Jan. 8, 1992), Summit App. No. 15034. Finally, we also note that it is not appropriate for this court to construct legal arguments in support of plaintiff's objections. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. No. 18349. For this reason alone, we could overrule relator's objections to the magistrate's decision. However, in light of the fact that this court has been unable to find case or statutory law directly on point, we will discuss this matter in more depth.
 {¶ 5} The magistrate correctly set forth the following in his decision:
 {¶ 6} "A writ of prohibition `tests and determines "solely and only" the subject matter jurisdiction' of the lower court. State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 409; State ex rel. Staton v. Franklin Cty. Common Pleas Court (1965),5 Ohio St.2d 17, 21. * * *
 {¶ 7} "As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178."
 {¶ 8} In this case, we agree that the magistrate correctly concluded that relator's complaint for a writ of prohibition does not challenge the subject matter jurisdiction of the Court of Claims. Rather, at most, it simply challenges respondent's personal capacity to act as a judge of that court. Moreover, we agree with the reasoning of the Court of Claims in the underlying matter, in which the court explained:
 {¶ 9} "However, plaintiff also asserts that Judge Yarbrough did not have the authority to act as a judge in the domestic relations case because he had not been administered an oath of office relative to the assignment. Plaintiff maintains that inasmuch as Judge Yarbrough voluntarily retired in 1995, his oath of office lapsed upon retirement.
 {¶ 10} "There is no dispute that Judge Yarbrough took an oath of office to sit for the Lucas County Court of Common Pleas on December 27, 1988. Plaintiff argues that such 1988 oath of office does not transfer or apply to any of Judge Yarbrough's assignments as a retired judge. Thus, plaintiff contends that, because Judge Yarbrough was not sworn in as a reactivated retired judge, he had no authority to act in plaintiff's domestic relations case, and, therefore, was not protected by judicial immunity.
 {¶ 11} "Section 7, Article XV of the Ohio Constitution states the following: `Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the Constitution of the United States, and of this state, and also an oath of office.' R.C. 3.22 echoes the constitutional requirement: `Each person chosen or appointed to an office under the constitution or laws of this state * * * shall take an oath of office before entering upon the discharge of his duties. The failure to take such oath shall not affect his liability or the liability of his sureties.' (Emphasis added.) R.C. 3.23 sets forth the substance of the oath: `The oath of office of each judge of a court of record shall be to support the constitution of the United States and the constitution of this state, to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding. * * *'
 {¶ 12} "Section 6(C), Article IV of the Ohio Constitution states: `* * * Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the supreme court to active duty as a judge * * *.' The language found in Section 6(C), Article IV is reiterated in R.C.141.16.
 {¶ 13} "There is no language in the above-quoted provisions requiring an additional oath of office to be administered upon assignment as a retired judge. The court is not willing to read such a requirement into those provisions. Rather, it is the court's opinion that the lack of such language clearly indicates that no additional oath is required; if there were such a requirement, it would be so stated.
 {¶ 14} "The court finds that when a retired judge is assigned to active duty, that judge is resuming the duties in that office. The judge's original oath of office satisfies the requirement that a judge take an oath of office before entering upon the discharge of his duties. Accordingly, Judge Yarbrough's 1988 oath of office remains in effect for all subsequent assignments. The argument that a `second' oath is required simply lacks merit. Plaintiff has not cited any evidence or case law to support that position. However, even if a second oath were required, it has been held that an irregularity in the appointment of a judge does not render his judicial actions void. Demereaux v. State (1930),35 Ohio App. 418, 172 N.E. 551. A judge having `colorable' authority is deemed a de facto judge with all the power and authority of a proper de jure judge. Williams v. Banner Buick, Inc. (1989), 60 Ohio App.3d 128,134, 574 N.E.2d 579." Evans v. Supreme Court of Ohio (2002),119 Ohio Misc.2d 34, at 39-40 (¶ 23-¶ 28).
 {¶ 15} Finally, the Act which created the Ohio Court of Claims does not contain any separate or express requirement that judges appointed to that court take a specific oath, or a second oath prior to exercising judicial authority.
 {¶ 16} For each of the foregoing reasons, we find that it is proper to overrule relator's objections to the August 5, 2002 decision and recommendation of the magistrate. Accordingly, we hereby adopt the magistrate's decision and recommendation, including the findings of fact and conclusions of law set forth therein. Relator's objection is therefore overruled, and his complaint seeking a writ of prohibition is dismissed.
Objection overruled; complaint dismissed.
BRYANT and KLATT, JJ., concur.
 DECISION IN PROHIBITION ON RESPONDENT'S MOTION TO DISMISS {¶ 17} In this original action, relator, Charles R. Evans, requests a writ of prohibition ordering respondent The Honorable Fredrick J. Shoemaker, Judge of the Ohio Court of Claims, to desist from his duties as the assigned judge on Court of Claims case No. 2001-10344 until he takes another oath or affirmation to support the constitutions of the United States and of this state.
Findings of Fact:
 {¶ 18} According to the complaint, respondent took an oath of office as required by the Ohio and United States Constitutions before he assumed his duties as an elected judge of the Franklin County Court of Common Pleas.
 {¶ 19} According to the complaint, respondent did not seek reelection to the Franklin County Court of Common Pleas.
 {¶ 20} According to the complaint, respondent was thereafter appointed a judge of the Ohio Court of Claims by the Chief Justice of the Ohio Supreme Court.
 {¶ 21} According to the complaint, respondent did not take another oath of office before assuming the duties of judge of the Ohio Court of Claims.
 {¶ 22} According to the complaint, respondent is assigned to Court of Claims case No. 2001-10344.
 {¶ 23} The complaint does not specifically allege relator's connection to case No. 2001-10344. However, the complaint does allege that "there is no other remedy available to prevent injury to Relator." (Complaint at paragraph 24.)
 {¶ 24} According to the complaint, a judge who fails to take a new oath of office following his appointment to the Court of Claims has no authority under the United States and Ohio Constitutions to discharge the duties of that office.
 {¶ 25} On July 16, 2002, respondent filed a motion to dismiss this action for failure to state a claim upon which relief in prohibition can be granted.
 {¶ 26} On July 19, 2002, relator filed a memorandum contra to respondent's motion to dismiss.
Conclusions of Law:
 {¶ 27} It is the magistrate's decision that this court dismiss this action for the failure of the complaint to state a claim upon which relief in prohibition can be granted.
 {¶ 28} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him/her to recovery. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242.
 {¶ 29} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70,73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 30} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court. State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 409; State ex rel Staton v. Franklin Cty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21; Tubbs Jones, supra, at 73.
 {¶ 31} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 178.
 {¶ 32} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. State ex rel. Adams v. Gusweiler (1972),30 Ohio St.2d 326, 329.
 {¶ 33} The subject matter jurisdiction of the Court of Claims is set forth at R.C. 2743.03 which creates a Court of Claims and provides that the Court of Claims has exclusive original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02.
 {¶ 34} Relator's complaint for a writ of prohibition does not test the subject matter jurisdiction of the Court of Claims in case No. 2001-10344. In fact, the complaint fails to allege the subject matter of case No. 2001-10344.
 {¶ 35} A challenge to respondent's capacity to sit as an appointed judge of the Court of Claims without taking another oath of office does not relate to the subject matter jurisdiction of the Court of Claims over case No. 2001-10344.
 {¶ 36} Thus, it appears beyond doubt from the complaint itself that relator has failed to state to a claim upon which relief in prohibition can be granted.
 {¶ 37} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss this action.