{¶ 1} Appellant, George Hoover, appeals a decision of the Clermont County Court of Common Pleas awarding him $25,000 plus interest and denying his request for attorney's fees.
 {¶ 2} On January 11, 2005, appellant entered into a contract with appellee, Mike Castrucci Ford Sales, Inc., for the purchase of a 2005 Ford GT for the purchase price of $212,500. A deposit was tendered by appellant in the amount of $25,000. On March 29, *Page 2 
2005, some eleven weeks later, appellant had not received the vehicle. Appellant contacted appellee and requested the return of his deposit. On April 4, 2005, appellant sent a written demand for the return of his deposit. On April 6, 2005, appellee filed suit against appellant in the Clermont County Court of Common Pleas alleging breach of contract and anticipatory repudiation of the contract. Appellant answered on May 5, 2005, and filed a counterclaim alleging violations of the Ohio Consumer Sales Protection Act (CSPA) and requesting compensatory and treble damages in the amount of $75,000. Appellee sent appellant a check in the amount of $25,000 on May 24, 2005, nearly three weeks after appellant submitted his answer and counterclaim. Appellant construed the check as a settlement offer and returned the check to appellee. Appellee thereafter deposited the check into an escrow account with the trial court pending resolution of the claims.
 {¶ 3} The trial court determined that appellee had violated the CSPA and that appellant was entitled to remedies under that statute. However, the court determined that appellant had elected the remedy of rescission and was therefore entitled only to the return of his deposit plus interest. Because appellee had tendered the deposit to appellant prior to the court's decision and entry, and because the court determined that appellant was not entitled to the compensatory and treble damages he had requested, the trial court denied appellant's request for attorney's fees. This appeal follows, wherein appellant raises two assignments of error.
 {¶ 4} Appellant's first assignment of error argues:
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING THAT MR. HOOVER IRREVOCABLY ELECTED THE REMEDY OF RESCISSION BY REQUESTING THE RETURN OF HIS DEPOSIT."
 {¶ 6} Appellant's counterclaim alleged a violation of the CSPA. Specifically, he alleges that appellee refused to return his deposit of $25,000 where delivery had not *Page 3 
occurred some eleven weeks after the contract for sale was negotiated. The trial court determined that this was a violation of Ohio Adm. Code109:4-3-09(A), which states,
 {¶ 7} "It shall be a deceptive act or practice in connection with a consumer transaction for a supplier:
 {¶ 8} "* * *
 {¶ 9} "(2) To accept money from a consumer for goods or services ordered by mail, telephone, or otherwise and then permit eight weeks to elapse without:
 {¶ 10} "(a) Making shipment or delivery of the goods or services ordered;
 {¶ 11} "(b) Making a full refund;
 {¶ 12} "(c) Advising the consumer of the duration of an extended delay and offering to send the consumer a refund within two weeks if the consumer so requests; or
 {¶ 13} "(d) Furnishing similar goods or services of equal or greater value as a good faith substitute if the consumer agrees."
 {¶ 14} The parties do not challenge this decision of the trial court. As a result, appellant is entitled to a remedy under R.C. 1345.09(B), which provides, in relevant part,
 {¶ 15} "Where the violation was an act or practice declared to be deceptive or unconscionable * * *, the consumer may rescind the transaction or recover * * * three times the amount of the consumer's actual economic damages or two hundred dollars, whichever is greater, plus an amount not exceeding five thousand dollars in noneconomic damages * * *"
 {¶ 16} Appellant's prayer for relief requested treble damages and attorney's fees. Appellee argued to the trial court that appellant had elected the remedy of rescission and was barred from seeking treble damages under the statute. This court has held that "an action in rescission and one in money damages are different and inconsistent remedies as a matter of law." Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 130. In Williams, we stated that "an election of remedies is necessary in order to invoke the provisions of R.C. *Page 4 
1345.09(B)" because the provision "mandates a choice between rescission and treble damages in seeking a private remedy." Williams at 130-31, discussing Mihailoff v. lonna (May 6, 1987), Hamilton App. No. C-860040, unreported, 1987 WL 10889. We noted that "[t]he intent of the legislature in fashioning a private remedy under the Ohio Consumer Sales Practices Act is to provide an alternative but separate remedy. An action in rescission and an action for money damages are mutually exclusive remedies as provided in R.C. 1345.09 and, therefore, are not cumulative cures for the same actionable conduct." Williams at 131, citing Freitag v. Bill Swad Datsun (1981), 3 Ohio App.3d 83, paragraph four of the syllabus.
 {¶ 17} In Frederickson v. Nye (1924), 110 Ohio St. 459, 466, the Ohio Supreme Court held that, "in order that an election of one remedial right shall be a bar to the pursuit of another, or other remedial rights, the same must be inconsistent and the election made with knowledge and intention and purpose to elect, and that there must be an actual election in fact made; that the mere bringing of a suit is not determinative of that right, but the party against making the election must have received some benefit under his election, or have caused detriment or loss to the other party, or pursued his remedy to final judgment." The party asserting the affirmative defense of election of remedies has the burden of proving that an election has occurred. Thus, in order to prevent appellant from receiving damages under the statute, appellee was required to show that an actual election of a remedy was made, that the election was made with knowledge and intention and purpose to elect, and that appellant either received some benefit or caused appellee some detriment because of the election.
 {¶ 18} Prior to the entry of final judgment granting a remedy inconsistent with the one requested, the doctrine of election of remedies should be strictly construed because it is considered a harsh procedural rule. Stowers v. Baron (1979), 65 Ohio App.2d 283, 285. "One of the traditional purposes behind utilization of the doctrine of election of remedies is to *Page 5 
prevent double recovery of benefits." Mac Tools, Inc. v. Administrator,Ohio Bureau of Employment Services (1989), Fayette App. No. CA89-05-010,1989 WL 145967, *2. As one Ohio court has stated, "The doctrine of election of remedies is the application of the underlying principles of estoppel, and, where not controlled by statute, requires, before it can be invoked, a showing that one of the parties has caused the other party to change his position to his own detriment, or that the remedy chosen has been pursued to final judgment." Industrial Comm. v. Francis (1935), Summit App. No. 2504, 1935 WL 1840, at *2.
 {¶ 19} The trial court found that appellant had elected rescission. The trial court found that the letter written by appellant to the Ohio Attorney General's Office, testimony at trial, and the lack on the part of appellant of an intention to enforce the contract all indicated that appellant had elected rescission. Whether appellant elected the remedy of rescission is a question of fact. In reviewing the decision of a court, we must be guided by the presumption that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. As such, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C. E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 20} The trial court's determination that appellant elected the remedy of rescission is supported by such evidence. The record reveals the following facts that support the trial court's decision: Appellant phoned appellee and asked for the return of his deposit. Appellee's witnesses testified that appellant specifically stated that he wished to rescind the contract. Prior to the commencement of the lawsuit, appellant sent a complaint to the Ohio *Page 6 
Attorney General in which he indicated that he was no longer interested in the vehicle. Appellee received a copy of this letter. Appellant at no point in his briefs or during the trial expressed an intent to revoke his rescission or enforce the contract. When appellee's counsel asked appellant during the trial whether he intended to perform on the contract after he requested the refund of his deposit, appellant did not indicate an intent to perform. While other facts may support appellant's contention that he did not elect the remedy of rescission, this court finds that the trial court's decision is supported by competent and credible evidence. As such, it is not against the manifest weight of the evidence.
 {¶ 21} Appellant's first assignment of error is overruled.
 {¶ 22} Appellant's second assignment of error argues:
 {¶ 23} "THE TRIAL COURT'S DECISION TO DENY MR. HOOVER AN AWARD OF ATTORNEY'S FEES WAS AN ABUSE OF DISCRETION."
 {¶ 24} R.C. 1345.09 provides that a violation of the CSPA entitles a consumer to, among other things, the following relief:
 {¶ 25} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 26} " * * *
 {¶ 27} "(2) The supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 28} In Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985),23 Ohio App.3d 85, we held that the statute calls for the award of "reasonable" attorney fees. We stated, "It is well-settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge who participated not only in the trial but also in many of the *Page 7 
preliminary proceedings leading up to trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." Id. at 91. We reiterated this holding in Hardeman v. Wheels, Inc. (1988),56 Ohio App.3d 142, 146, which the Ohio Supreme Court recently cited favorably in Reagans v. MountainHigh Coachworks, Inc., 117 Ohio St.3d 22, 31,2008-Ohio-271, ¶ 34.
 {¶ 29} In the case at bar, the trial court denied appellant's request for attorney's fees despite the finding that a violation of the Ohio CSPA occurred. The trial court stated that the bulk of appellant's attorney's fees were incurred due to his rejection of the refund check. The court stated that prior to this event, the only work done on behalf of Hoover was the filing of an answer and counterclaim, and that the majority of the attorney's fees were incurred in pursuit of treble damages, which the court did not award.
 {¶ 30} In this case, appellant, a resident of the state of California, was made to defend himself in this foreign jurisdiction on a claim of breach of contract because he requested a legal remedy to which he was entitled under the plain language of a statute. When appellee finally sent appellant a check for $25,000 as a return of his deposit, as appellant requested under the statute, appellee did not offer to dismiss its lawsuit for breach of contract against appellant. Appellant necessarily needed to continue to accrue legal fees to defend himself. Appellant was able to obtain a ruling in his favor on his counterclaim, though he did not receive the damages that he requested. The record indicates that the trial court did not obtain a breakdown of attorney's fees prior to its decision to deny the request. In light of these facts, we find that the trial court's decision to award no attorney's fees shocks the conscience of the court. Appellant's argument is found to be with merit and his second assignment of error is sustained. The decision of the trial court not to award attorney's fees is reversed and the cause is remanded for proceedings according to law and consistent with this opinion. *Page 8 
 {¶ 31} Judgment affirmed in part, reversed in part, and remanded.
 YOUNG, P.J. and WALSH, J., concur. *Page 1