FREITAG, APPELLEE AND CROSS-APPELLANT, *v.* BILL SWAD DATSUN, APPELLANT AND CROSS-APPELLEE.

(No. 81AP-45—Decided June 25, 1981.)

*Mr. Richard D. Colby,* for appellee and cross-appellant.

*Mr. Henry Maser,* for appellant and cross-appellee.

NORRIS, J. This matter is before us on defendant's appeal from a judgment rendered against it in the amount of $3,612 after a trial to a judge of the Franklin County Municipal Court; and upon plaintiff's cross-appeal from the trial court's refusal to award him attorney fees.

On May 21, 1979, plaintiff and defendant's representative signed one of defendant's order forms calling for plaintiff to purchase a new 1979 Datsun automobile from defendant for $5,900, plaintiff being allowed $4,850 for trading in his 1978 Chevrolet Camaro. Plaintiff gave defendant a $10 deposit which was never returned.

Plaintiff was telephoned by one of defendant's salesmen on August 21, and advised that an automobile had come in which was similar to the one ordered. When plaintiff arrived at defendant's dealership, he was advised that defendant would allow him only $4,000 on his trade-in since the market price for his automobile had dropped in the three months since it was originally appraised.

On August 28, plaintiff filed his complaint alleging, among other things, that defendant had breached its contract with plaintiff and committed a deceptive sales practice within the meaning of R.C. 1345.02.

Plaintiff purchased a 1980 Datsun from another dealer in early October 1979, for $6,153, accepting a trade-in for his Camaro of $4,200.

At trial defendant took the position that plaintiff had been told that the trade-in allowance was good only for thirty days, while plaintiff pointed to the purchase order which was silent on any such limitation and expressly provided that the order comprised the entire agreement of the parties.

At the conclusion of all the evidence, the trial judge found that defendant had breached the contract between the parties, and directed counsel to brief the question of damages "in accordance with the breach and any other matters relating to the evidence that the Court has received." Plaintiff's counsel, in his post-trial brief, for the first time raised "Substantive Rules adopted by the Ohio Director of Commerce pursuant to the powers given by O.R.C. Section 1345.05(B)" as a basis for damages, and attached to his brief a copy of the substantive rules and an affidavit concerning the reasonable amount of attorney fees incurred by plaintiff.

The court's judgment entry included these findings:

"1. Damages as a consequence of the breach of contract to be set at $903.00 based upon the difference in the sales price less trade-in of the original contract, and the sales price less trade-in of the remedial purchase.

"2. The application of the Substantive Rules of the Ohio Director of Commerce is not negated in this case by Civil Rule 44.1(A)(2), wherein plaintiff has put the defendant on notice by alleging a violation of the Ohio Consumer Sales Protection [sic] Act in which the Substantive Rules are rooted.

"3. The Court finds that the defendant violated the following: (a) Failure to deliver or substitute goods in accordance with the original contract, and (b) Failure to integrate all material written or oral statements or representations into the contract of May 21, 1979.

"4. Damages springing from the foregoing violations of the Consumer Sales Practices Act, Section 1345.02, R.C. in the amount of $2,709.00.

"* * *

"6. The evidence, as presented in this case, did not establish a basis for the award of punitive damages or the concomitant consequence of attorney's fees."

Defendant raises four assignments of error:

"I. The Trial Court committed prejudicial error in determining damages for breach of contract to be $903.

"II. The Trial Court committed prejudicial error in computing its award of damages to Freitag.

"III. The Trial Court committed prejudicial error in finding that Freitag was entitled to $2,709 damages for a violation of § 1345.02 of the Revised Code.

"IV. The Trial Court committed prejudicial error in awarding compensatory damages exceeding the amount demanded in the Complaint."

The first, second, and third assignments of error complain about the method used by the trial court in computing damages, and therefore will be considered together.

In computing damages for breach of contract, the trial court subtracted the net amount of $1,050, due defendant from plaintiff under the terms of the contract, from the net amount of $1,953 paid by plaintiff to the other dealer, to arrive at compensatory damages of $903. This measure of damages was apparently based on the court's finding that plaintiff was entitled to "cover" by purchasing a reasonable substitute for the automobile denied him by defendant's breach. See R.C. 1302.86. In order to be entitled to "cover," plaintiff must have established that the 1980 automobile he purchased was a reasonable substitute for the 1979 model he had ordered from defendant. There is no evidence in the record to indicate that a 1979 model was not available elsewhere; only that plaintiff continued to look for "a Datsun" after defendant breached. There was also a difference in the way the two automobiles were equipped, and there is no evidence to indicate that plaintiff was unable to purchase an automobile without the extra equipment with which the 1980 model was delivered. Nor was there evidence con-

cerning the relative base prices of comparable 1979 and 1980 models. The only measure of damages clearly supported by the record is the plaintiff's loss of his bargain on trade-in allowance — plaintiff lost $650 due to defendant's breach.

The court also found that defendant had violated R.C. 1345.02, which reads in pertinent part as follows:

"(A)  No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. * * *"

R.C. 1345.05(B)(2) provides that the Director of Commerce may adopt substantive rules defining acts or practices that violate R.C. 1345.02. Pursuant to R.C. 1345.05(B)(2), the director has adopted these substantive rules:

"[Ohio Adm. Code] 109:4-3-09 Failure to deliver; substitution of goods

"(A)  It shall be a deceptive act or practice in connection with a consumer transaction for a supplier:

"* * *

"2.  To accept money from a consumer for goods * * * and then permit eight weeks to elapse without:

"* * *

"(d)  Furnishing similar goods of equal or greater value as a good faith substitute."

"[Ohio Adm. Code] 109:4-3-10 Sale of motor vehicles

"It shall be a deceptive act or practice in connection with a consumer transaction involving a motor vehicle for a supplier of motor vehicles not to integrate into a written contract all material statements, representations, or promises, oral or written, made prior to the written contract by his agent, representatives, or salesmen to a consumer."

The trial judge apparently found that defendant's conduct constituted unfair or deceptive consumer sales practices under R.C. 1345.02 as those practices are defined by the substantive rules quoted above and then assessed treble damages as provided in R.C. 1345.09(B).

R.C. 1345.09 reads in pertinent part as follows:

"For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

"(A)  Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.

"(B)  Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, * * * the consumer may * * * recover * * * three times the amount of his actual damages * * *."

Defendant argues that plaintiff is not entitled to treble damages under R.C. 1345.09(B) because the rules of the Director of Commerce were not relied upon at trial, and that, in any event the remedies provided by divisions (A) and (B) are in the alternative, not cumulative.

Civ. R. 44.1(A)(2) provides that a party who intends to rely on an administrative regulation shall give notice in his pleading or by other reasonable written notice, and that upon such notice, the trial court may take judicial notice of the regulation. The trial court specifically found that plaintiff's having pleaded a violation of R.C. 1345.02 constituted sufficient notice under Civ. R. 44.1(A)(2). Under Civ. R. 44.1, specificity is not required in giving notice that a party intends to rely on a regulation so long as the pleadings are sufficient to inform the court and litigants that the regulation is relevant to the lawsuit. See *Harold* v. *Paradise* (1973), 36 Ohio App. 2d 71 [65 O.O.2d 66]. Here, plaintiff's complaint put defendant on notice that plaintiff intended to rely on R.C. 1345.02, and a reading of that section will immediately place a person on notice that other portions of R.C. Chapter 1345 and regula-

tions promulgated under that chapter are relevant to a determination of whether the provisions of R.C. 1345.02 have been violated.

We do agree with defendant's contention that the remedies provided by divisions (A) and (B) of R.C. 1345.09 are not cumulative under the circumstances of this case, since we are dealing with only one instance of actionable conduct on defendant's part. Accordingly, plaintiff is entitled to the greater measure of damages provided by division (B) and his award should be limited to three times the amount of his actual damages of $650, or $1,950. Defendant's first three assignments of error are therefore sustained in part, and overruled in part.

Because the proper award of damages does not now exceed the amount of plaintiff's prayer of $3,500, defendant's fourth assignment of error is moot and is overruled.

Plaintiff raises one assignment of error in his cross-appeal:

"I. The trial court erred in not awarding attorney fees to the plaintiff as it was mistaken as a matter of law in its basis for denying said fees."

The assignment of error is not well taken and is overruled. Because no evidence was introduced at trial concerning the reasonable value of plaintiff's attorney fees, that evidence was not subject to cross-examination or rebuttal testimony, and the court properly denied plaintiff his attorney fees.

Defendant's first three assignments of error are overruled in part and sustained in part; defendant's fourth assignment of error is overruled; plaintiff's assignment of error is overruled; and this case is remanded to the trial court with instructions to enter final judgment for plaintiff in the amount of $1,950.

*Judgment reversed in part and affirmed in part, and case remanded with instructions.*

McCORMAC, J., concurs.

STRAUSBAUGH, P.J., dissents.

STRAUSBAUGH, P.J., dissenting. I concur with the decision and judgment rendered by the trial court and therefore would affirm.