**ECKMAN et al., Appellants,**

v.

**COLUMBIA OLDSMOBILE, INC., Appellee.**

[Cite as *Eckman v. Columbia Oldsmobile, Inc.* (1989), 65 Ohio App.3d 719.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880668.

Decided Dec. 20, 1989.

Christopher T. Laber, for appellants,
Lindhorst & Dreidame and Jay R. Langenbahn, for appellee.

*Per Curiam.*

Plaintiffs-appellants, Rickey and Vickie Eckman, appeal from the summary judgment granted by the trial court in favor of defendant-appellant, Columbia Oldsmobile, Inc. ("Columbia Olds"). The Eckmans claim that the trial court erred in dismissing their complaint on the ground that they had elected rescission of their purchase of a new automobile and therefore were not entitled to recover damages under the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.* ("OCSPA"). Because we hold that the remedies of rescission and recovery of damages are mutually exclusive, even when multiple violations of OCSPA have occurred within the context of a single transaction, we affirm the judgment of the trial court.

The Eckmans purchased a new Oldsmobile from Columbia Olds on January 17, 1987. At that time, they made a downpayment of $1,000 and obtained financing for the balance of the purchase price with the dealership's assistance. Columbia Olds failed to disclose at the time of purchase that the car had previously been damaged and repaired, or that the repairs cost over $300.

The Eckmans alleged that Columbia Olds made subsequent misrepresentations regarding the applicability of various consumer protection statutes and the amount of damage previously repaired. The Eckmans further claimed that Columbia Olds entered into a written service contract containing an inconspicuous disclaimer of warranties and that Columbia Olds sold them paint, rustproofing and fabric warranties when the car was ineligible for coverage under the warranties. The Eckmans also alleged that the terms of the loan disclosure, note, and security agreement entered into with Columbia's assistance violated the Ohio Retail Installment Sales Act, R.C. 1317.01 *et seq.* ("ORISA") by providing their holder a security interest in any credit balance or accounts also held by the loan holder.

The Eckmans returned their car to Columbia Olds and, after filing a complaint seeking rescission, statutory damages, attorney fees and other statutory relief, they accepted a check from Columbia Olds refunding their downpayment of $1,000. The complaint alleged eight separate violations of OCSPA, two violations of ORISA and one violation of the Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, Section 2301 *et seq.*, Title 15, U.S.Code.

The trial court granted summary judgment in Columbia Olds's favor because the Eckmans elected to rescind the sale by returning the car and accepting a refund of their downpayment, and were therefore precluded from seeking the alternative remedy of damages. The Eckmans argue that rescission under R.C. 1345.09 and recovery of statutory damages are not

mutually exclusive remedies where multiple and separate violations of OCS-PA, ORISA and the Magnuson–Moss Warranty Act have occurred, and that therefore the trial court erroneously granted Columbia Olds summary judgment. We do not agree.

R.C. 1345.09 has consistently been construed as requiring an election between the mutually exclusive remedies of rescission or damages, either because of the clearly expressed intent of the legislature embodied in the statute, see *Einhorn v. Beau Townsend Ford, Inc.* (June 28, 1988), Montgomery App. No. CA 10835, unreported, 1988 WL 70850, affirmed for other reasons in *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 548 N.E.2d 933, or because of the inconsistency between the underlying theories of rescission, in which the contract is repudiated, and recovery of damages, in which the rights under the contract are retained and form the basis for suit. See *Mid–America Acceptance Co. v. Lightle* (1989), 63 Ohio App.3d 590, 579 N.E.2d 721. In any event, the basic premise of the statute is that there be but one recovery for the same injury. *Freitag v. Bill Swad Datsun* (1981), 3 Ohio App.3d 83, 3 OBR 96, 443 N.E.2d 988. When multiple violations of OCSPA have culminated in the purchase of an automobile, the remedy of rescission relates to the whole of the injury resulting from the purchase and sale, and statutory damages may not be awarded with respect to that injury. *Einhorn, supra.*

█ The separate violations in the instant case formed a single instance of actionable conduct resulting in a single injury which was cured by rescission of the transaction. The Eckmans' argument that the conduct constituted several distinct causes of action would lead to the illogical result that they would be entitled to multiple rescissions of the same transaction, if they elected rescission in each case instead of damages. Multiple awards of statutory damages for the same injury under either OCSPA, ORISA or the Magnuson–Moss Warranty Act similarly cannot be justified in a civil action, where to do so would multiply the "punitive" recovery allowed in a commercial transaction. See *Mihailoff v. Ionna* (May 6, 1987), Hamilton App. No. C–860040, unreported, 1987 WL 10889.

█ The Eckmans also challenge the trial court's failure to award them costs of litigation and attorney fees under either OCSPA, R.C. 1345.09(F), or the Magnuson–Moss Warranty Act, Section 2310, Title 15, U.S.Code. Under both statutes, the award of litigation costs and attorney fees to a prevailing party lies within the discretion of the trial court. Although the Eckmans were successful in obtaining rescission of the sale shortly after filing their complaint, they cannot be considered to be the prevailing parties in the ensuing litigation in which additional damages were sought. Therefore, we are unable

to say that the trial court abused its discretion in the instant case. See *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199. We find the Eckmans' assignment of error not to be well taken.

The judgment of the trial court is, accordingly, affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and UTZ, JJ., concur.