OPINION
Plaintiff-appellant Credit Acceptance Corporation appeals from the portion of the trial court's order in this case that granted judgment for defendant-appellee Latonya Banks and awarded her damages on her counterclaim against appellant for violations of the Ohio Consumers Sales Practices Act ("CSPA").
Appellant's assignments of error specifically are addressed to the trial court's award of damages to appellee. Appellant asserts appellee was not entitled to damages since she elected the remedy of rescission of the consumer transaction and since she failed to mitigate her damages. This court finds appellant's assertions to have no merit; therefore, the trial court's judgment is affirmed.
The App.R. 9 (E) record on appeal[1] indicates this action results from appellee's purchase of a used automobile.
On April 19, 1996 appellee entered into a written sales installment agreement for the purchase of a 1987 Oldsmobile Ciera from Kraftsman Leasing and Sales Company ("Kraftsman"). Appellee delivered a down payment of $2200 on a sale price of $5990.98, agreeing to pay the remaining amount in eighteen monthly installments of $210.61. The order and warranty forms provided to appellee by Kraftsman at the time of sale indicated the vehicle was covered by a limited warranty through "Preferred Warranties, Inc."[2]
Shortly after appellee's purchase of the vehicle, Kraftsman assigned the sales installment agreement to appellant.
Over the course of the next few months, appellee experienced serious problems with the vehicle. She returned to Kraftsman, where she was advised to take the vehicle to a particular auto repair shop for service in accordance with the warranty. Appellee complied; however, no repairs were made. Appellee simply was informed the vehicle's "rings" were malfunctioning.
Appellee again returned to Kraftsman; she was instructed to take the vehicle to another repair shop. At this time, appellee learned the vehicle's engine could not be repaired.
Upon receiving this information, appellee returned the vehicle to Kraftsman and demanded the return of her money. Kraftsman took possession of the vehicle but made no response to appellee's demand. Appellee had made two of the installment payments she owed on the vehicle but thereafter ceased making payments.
On February 25, 1997 appellant instituted the instant action against appellee in the Cleveland Municipal Court seeking the balance due on the retail installment sales contract. Appellee eventually filed an answer and a counterclaim against appellant. In her counterclaim, appellee alleged appellant was accountable for violations of the CSPA. Appellee sought both rescission of the sales contract and a restoration of the money she had paid pursuant to it.
Appellant filed an answer to appellee's counterclaim in which it asserted, inter alia, the following affirmative defenses: (1) it was not a "supplier" pursuant to R.C. 1345.01 (C); (2) it did not violate the CSPA; (3) appellee elected the remedy of rescission and was therefore barred from recovering damages; and (4) appellee defaulted on contract payments, thus entitling appellant to repossess the vehicle.
At trial, the trial court received into evidence copies of the relevant documents, heard the testimony of appellee, and also heard the arguments of counsel. Subsequently, it issued its opinion and order in this case.
The trial court held that pursuant to "Federal Trade Commission Rule 16 CFR 433," appellant, as Kraftsman's assignee, was placed "in the shoes of" Kraftsman with regard to appellee's claims. The trial court further stated appellee "proved by a preponderance of the evidence that [appellant] breached the implied warranty of merchantability when Kraftsman sold [appellee] a vehicle that was not merchantable and that [appellant] failed to honor [appellee's] rescission when [appellee] returned the vehicle to Kraftsman."
The trial court further stated as follows:
 The Court finds that Kraftsman's breach of the implied warranty of merchantability and its failure to honor a proper rescission of its contract with [appellee] constituted deceptive acts under the CPA (sic). And as previously stated, the Court further finds that FTC rule imputes the deceptive acts of Kraftsman to the [appellant] as the assignee of the note. Specifically, the Court finds that the vehicle was not in good mechanical condition at the time of sale, that [appellee] followed all instructions to possibly repair the vehicle, and that the vehicle was found to be unrepairable. Then Court further finds that as result (sic) of the unmerchantable condition of the vehicle and within a reasonable amount of time and before she caused the condition of the vehicle to chance (sic), [appellee] properly rescinded the contract and returned the vehicle to Kraftsman. Finally, the Court finds that [appellee] is now entitled to rescission damages, that is, to place her in the position she was in prior to this consumer transaction.
 Per FTC rule, [appellee] cannot recover more damages than what she actually paid under the contract. Therefore, [appellee] is entitled to recover her down payment of $2, 200.00 and her installment payments of $421.22 totaling $2,621.22.
* * *
 Finally, * * * in [appellant's] Exhibit B attached to its Complaint, it stated that no repossession and resale occurred.
The trial court therefore granted judgment for appellee on her counterclaim in the amount of $2, 621.22 and also granted judgment for appellee on appellant's complaint.
Appellant has filed its appeal from the foregoing order and presents two assignments of error for review. Appellant's first assignment of error states:
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY ENTERING A MONEY DAMAGE JUDGMENT IN FAVOR OF THE APPELLEE UNDER THE CONSUMER SALES PRACTICES ACT (R. C. CHAPTER 1345) WHERE THE APPELLEE HAD RESCINDED THE CONSUMER TRANSACTION.
Appellant argues that since appellee rescinded the transaction, the trial court's award to her of damages was improper. This court disagrees.
R.C. 1345.0 (A) provides as follows:
§ 1345.09 Private remedies.
 For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
 (A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.
(Emphasis added.)
The CSPA is to be liberally construed and applied in order to promote its purpose to protect consumers and to encourage the development of fair consumer sales practices. Bierlein v. Alex'sContinental Inn, Inc. (1984), 16 Ohio App.3d 294.
In this case, appellee returned the car prior to making any substantial changes to it and requested rescission of the contract. Cf., Reichert v. Ingersoll (1985), 18 Ohio St.3d 220; Frey v. VinDevers (1992), 80 Ohio App.3d 1. However, she already had forwarded a down payment and two installment payments on a car that had been of no practical use to her. The trial court's return to appellee of this money she had paid on the car, therefore,
 * * * was awarded in order to place the parties back to their status quo prior to the transaction. As such the court was merely restoring the benefit received by the [appellant]. This is nothing more than rescission pure and simple.
Bierlein v. Alex's Continental Inn, Inc., supra at 298 (emphasis added).
Since the trial court's award in this case was not in the nature of a damages award made pursuant to the CSPA but instead was to restore the parties to their original positions as if the contract had never been formed, appellant's first assignment of error has no merit. Mid-America Acceptance Co. v. Lightle (1989),63 Ohio App.3d 590; see, also, Einhorn v. Ford Motor Co. (1990),48 Ohio St.3d 27; Sprovach v. Bob Ross Buick, Inc. (July 5, 1990), Montgomery App. No. 11668, unreported; cf., Eckman v. ColumbiaOldsmobile, Inc. (1989), 65 Ohio App.3d 719; Szczyt v. S.J.W.Enterprises, Inc. (Aug. 28, 1991), Lorain App. No. 90CA004919, unreported; Payton v. Auto Depot, Inc. (June 29, 1990), Lake App. No. 88-L-13-217, unreported.
Appellant's first assignment of error is, accordingly, overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT BELOW ERRED TO THE PREJUDICE OF THE APPELLANT BY ENTERING A MONEY DAMAGE JUDGMENT IN FAVOR OF THE APPELLEE WHERE THE APPELLEE FAILED TO MITIGATE HER ALLEGED DAMAGES.
Appellant argues appellee's failure to mitigate her damages by presenting a demand for repair of the automobile to Preferred Warranties, Inc. precludes her recovery of the money she paid on the contact. A review of the pleadings and the trial court's App.R. 9 (E) statement, however, reveals appellant never raised this argument in the proceedings below; hence, this court need not consider it. State v. Williams (1977), 51 Ohio St.2d 112, syllabus 1.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and LEO M. SPELLACY, J. CONCUR.
 _________________________________ KENNETH A. ROCCO JUDGE
[1] Appellant originally filed this appeal of the trial court's opinion and order pursuant to App.R. 9 (B); however, since appellant did not request the attendance of a court reporter at trial, no transcript of the proceedings exists. Subsequently, appellant filed in the trial court a proposed "statement of the record and evidence" pursuant to App.R. 9 (C). The trial court, however, did not approve appellant's proposed statement; therefore, the trial court issued a judgment entry adopting its earlier opinion and order as the App.R. 9 (E) statement of the evidence for purposes of this appeal.
[2] Although appellee attempted to bring Kraftsman and Preferred Warranties, Inc. into this action, the record reflects the trial court never granted her motion for leave to file a third-party complaint.