OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant the Estate of Magdalene Sagrilla appeals the January 15, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas, dismissing her consumer sales practices claims against defendant-appellee Sears, Roebuck 
Company ("Sears").
 STATEMENT OF THE CASE AND THE FACTS
{¶ 2} Magdalene Sagrilla, deceased, originally filed a consumer claim against Sears on February 20, 2002. Ms. Sagrilla died on March 1, 2003, and her counsel voluntarily dismissed her claims without prejudice on March 7, 2003.
{¶ 3} On June 18, 2003, the Estate of Magdalene Sagrilla, though Executrix Karen Morrison, refiled her claims. On July 21, 2003, Sears filed a motion to dismiss pursuant to Civil Rule 12(B) (6), alleging the complaint failed to state a claim upon which relief can be granted. On August 4, 2003, plaintiff filed a memorandum in opposition to the motion to dismiss.
{¶ 4} On January 15, 2004, the trial court, via Judgment Entry, granted the motion to dismiss. On January 26, 2004, the trial court issued a subsequent judgment entry indicating the dismissal was with prejudice.
{¶ 5} Appellant's original and refiled complaints both allege, on December 9, 1999, appellant purchased a brand new refrigerator, washer and dryer from Sears. The total purchase price paid by appellant, including sales tax, was $2,531.46. During the course of the following year, appellant made numerous complaints regarding the appliances to Sears, which resulted in Sears providing appellant a replacement refrigerator at no cost. However, appellant was unsatisfied with the replacement refrigerator provided to her.
{¶ 6} Appellant alleges in Spring 2000, November 2000, and during the Summer of 2001, on separate occasions, a worker caused property damage in her home while providing services for Sears. Appellant requested Sears refund the purchase price of the appliances and compensate her for the property damage.
{¶ 7} On August 15, 2001, appellant was issued a refund check for the full purchase price of the refrigerator, washer and dryer.
{¶ 8} Appellant alleges Sears, through its employees and agents, committed unfair, deceptive and unconscionable acts or practices, in violation of R.C. 1345.02 and 1345.03. According, appellant's complaint seeks treble damages, injunctive, declaratory and other appropriate relief pursuant to R.C.1345.09.
{¶ 9} Appellant appeals from the January 15, 2004 and January 26, 2004 judgment entries of the Tuscarawas County Court of Common Pleas raising the following assignments of error:
{¶ 10} "I. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WHICH STATES VALID CLAIMS UNDER THE CONSUMER SALES PRACTICES ACT.
{¶ 11} "II. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO ISSUE ITS JANUARY 26, 2004, JUDGMENT ENTRY DISMISSING THIS ACTION WITH PREJUDICE.
{¶ 12} "III. THE TRIAL COURT ERRED IN FAILING TO RULE ON PLAINTIFF'S MOTION TO EXTEND DEADLINES."
 I
{¶ 13} In the first assignment of error, appellant argues the trial court erred in dismissing the complaint which states valid claims under the consumer sales practices act.
{¶ 14} Our standard of review is de novo. For a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt the plaintiff can prove no set of facts which would entitle her to relief. O'Brien v. University Tennis Union, Inc. (1975),42 Ohio St.2d 242. When construing a complaint upon a motion to dismiss for failure to state a claim, it is presumed all factual allegations in the complaint are true. Tulloh v. Goodyear AtomicCorp. (1992), 62 Ohio St.3d 541.
{¶ 15} Sears avers the trial court properly dismissed appellant's complaint because appellant accepted a full refund of the purchase price. Sears cites to Eckman v. ColumbiaOldsmobile, Inc. (1989), 65 Ohio App.3d 719, which provides an Ohio consumer sales practices act claimant may not sue for damages under the statute when they have been refunded the full purchase price.
{¶ 16} Appellant's complaint filed on June 18, 2003, recognizes the refund paid by Sears, stating, "Sears stalled in issuing Sagrilla a refund, and still has not paid for damages done toSagrilla's home." (Emphasis added).
{¶ 17} A court ruling on a motion to dismiss is not required to consider matters outside the pleadings. In considering appellant's complaint alone, the court could determine appellant elected the remedy of a refund, and cannot now pursue damages under the consumer sales act. Accordingly, the trial court did not error in dismissing the complaint as appellant does not have a cause of action for the delay separate and apart from the consumer sales act, and she has already elected and received a remedy for her claims arising under the act.
{¶ 18} We note, neither appellant's original complaint, nor her subsequent complaint, sets forth a separate cause of action for her alleged property damage. As a result, said claims do not survive the motion to dismiss.[1] Accordingly, upon review, we find the trial court did not error in dismissing appellant's claims under the Ohio consumer sales practices act.
{¶ 19} The first assignment of error is overruled.
 II
{¶ 20} Based upon our disposition of appellant's first assignment of error, we find the remaining assignments of error moot.
{¶ 21} The January 15, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the January 15, 2004 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] That is not to say a separate property damage claim separate and apart from her consumer sales practices act claim would not lie.