OPINION
{¶ 1} Plaintiff-appellant/cross-appellee Hudson-Woebbecke Enterprises, Inc. dba Hudson Construction (hereinafter "Hudson") appeals the various judgment entries of the Richland County Court of Common Pleas denying its motions for judgment notwithstanding the verdict, for a new trial, for remittitur and awarding treble damages in favor of defendants-appellees/cross-appellants David D. Burwell, M.D. and Kelly Burwell (hereinafter "Burwells") pursuant to the Ohio Consumer Sales Practices Act.
 {¶ 2} Defendants-appellees/cross-appellants appeal that portion of the trial court's May 1, 2006 Judgment Entry overruling their motion for attorney fees.
 STATEMENT OF THE FACTS AND CASE {¶ 3} In 2001, Hudson remodeled an area of Dr. Burwell's medical office, pursuant to a written construction contract prepared by Hudson. The written contract provided Hudson was to perform the work on a time and materials basis, and the "rough estimate" for the work was $10,000 to $13,000. The written contract also provided the cost indicated would not be exceeded absent written authorization. The project was satisfactorily completed and Hudson was paid slightly in excess of $10,000 for the completed work.
 {¶ 4} During the course of the medical office building project, Kelly Burwell mentioned to Courtenay Hudson, a principal of Hudson, the Burwells may be interested in remodeling a portion of and adding on to their residential home.
 {¶ 5} In March, 2002, the Burwells engaged Dan Seckel, an architect licensed in Ohio, to design the project. Seckel prepared preliminary plans for the project and the Burwells forwarded the plans to Hudson. *Page 3 
 {¶ 6} In July, 2002, the Burwells met with Courtenay Hudson to discuss the construction project. At trial, the Burwells testified Hudson indicated the project would not exceed $270,000. After further discussion and revision to the project plans, Hudson offered to construct the project on a time and material basis with a not-to exceed price of $220,000.
 {¶ 7} Hudson did not provide the Burwells with a written estimate.
 {¶ 8} An oral agreement was then entered into between the parties providing appellant would proceed with the project upon a cost-plus or time and materials basis with a not-to-exceed price of $220,000.00. Hudson billed the Burwell's periodically as the project progressed.
 {¶ 9} The Burwells paid Hudson $368,817.00 based on initial invoices submitted by Hudson, but later refused to pay on additional invoices as the invoices totaled more than the agreed to amount. All together, Hudson billed the Burwells approximately $504,817.00 — $368,817.00 which the Burwells paid, and an additional $136,000.00 Hudson claimed was due and owing.
 {¶ 10} After ceasing payment to Hudson, the Burwells retained the services of another contractor who completed the project for approximately $75,000. In addition, the Burwells hired other contractors to repair defective work, at a cost of more than $16,000.
 {¶ 11} Hudson initiated this action setting forth allegations of breach of contract, quantum meruit or unjust enrichment and for foreclosure of a mechanics lien. The Burwells filed a counterclaim alleging breach of contract, breach of implied warranty, unjust enrichment/quantum meruit, fraud, and slander of title. The Burwells later *Page 4 
amended their counterclaim alleging violation of the Ohio Consumer Sales Practices Act, and Hudson withdrew its claim on the mechanic's lien.
 {¶ 12} The Burwells filed a motion for partial summary judgment as to their claim for violation of the CSPA. Via Judgment Entry, the trial court granted partial summary judgment in the Burwells' favor as to the CSPA violation.
 {¶ 13} The matter proceeded to a jury trial. Following the presentation of evidence, the jury found in favor of Hudson on its claims for breach of contract/unjust enrichment, awarding Hudson damages in the amount of $136,500 as compensation for work actually performed. The jury also found in favor of the Burwells for damages in the amount of $9,000 for incomplete and faulty work performed by Hudson. The jury awarded the Burwells $100,000 for Hudson's violation of the Ohio Consumer Sales Practices Act.
 {¶ 14} Hudson filed a motion for judgment notwithstanding the verdict and a motion for remittitur or alternatively for a new trial. The Burwells filed a motion with the court requesting treble damages pursuant to the CSPA and for an award of attorney fees. Via Judgment Entry of April 21, 2006, the trial court overruled the motion for remittitur or for a new trial, trebled the Burwells' damages and overruled the motion for attorney fees. On May 1, 2006, the trial court corrected a mathematical error in the previous judgment entry. Hudson then filed a notice of appeal.
 {¶ 15} On May 25, 2006, via Judgment Entry, the trial court overruled Hudson's motion for judgment notwithstanding the verdict. Appellant filed a second notice of appeal from that entry.
 {¶ 16} The appeals were consolidated. *Page 5 
 {¶ 17} Appellant/cross-appellee Hudson assigns as error:
 {¶ 18} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING THE APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT.
 {¶ 19} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING THE APPELLANT'S MOTION FOR NEW TRIAL.
 {¶ 20} "III. THE JURY'S VERDICT AND THE JUDGMENT ENTERED THEREUPON WITH RESPECT TO VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT ARE NOT SUSTAINED BY THE WEIGHT OF THE EVIDENCE.
 {¶ 21} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING THE APPELLANT'S MOTION FOR A REMITTITUR.
 {¶ 22} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN TREBLING THE DAMAGES FOUND BY THE JURY TO HAVE BEEN SUFFERED BY THE APPELLEES PURSUANT TO VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT."
 {¶ 23} Appellees/cross-appellants Burwells assign as error:
 {¶ 24} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN FAILING TO AWARD REASONABLE ATTORNEYS FEES TO APPELLANTS PURSUANT TO THE OHIO CONSUMER SALES PRACTICES ACT."
 I, II, III, IV {¶ 25} Appellant/cross-appellee's first four assignments of error raise common and interrelated issues; therefore, we will address the arguments together. *Page 6 
 {¶ 26} Specifically, Hudson argues the trial court committed reversible error in overruling its various motions, and the jury's verdict was not sustained by the weight of the evidence.
 {¶ 27} The Ohio Consumer Sales Practices Act, found at R.C. 1345.09, states:
 {¶ 28} "For a violation of Chapter 1345. of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
 {¶ 29} "(A) Where the violation was an act prohibited by section1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's damages.
 {¶ 30} "(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B) (2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.
 {¶ 31} * * *
 {¶ 32} "(D) Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter.
 {¶ 33} * * * *Page 7 
 {¶ 34} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 35} "(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
 {¶ 36} "(2) The supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 37} Hudson maintains the verdicts are internally contradictory and inconsistent, in that the jury found the Burwells had breached a verbal contract or had been unjustly enriched at Hudson's expense, in the amount of $136,500.
 {¶ 38} A violation of the CSPA does not depend on any contractual or quasi-contractual claims; rather, it is a separate cause of action and legal claim. Inserra v. J.EM. Bldg. Corp. (Nov. 22, 2000), Medina App. No. 97 CIV 0906. We find the jury's award of damages to Hudson for the breach of the original contract was appropriate and totally independent from the damages incurred by the Burwells for the CSPA violation.
 {¶ 39} Hudson further asserts the jury's verdict was excessive and should be reduced to an amount warranted by the evidence.
 {¶ 40} Upon review of the record and looking at all the evidence, we find the evidence supports the jury's verdict. The parties did not submit interrogatories to the jury. The jury was instructed, if it found the Burwells suffered damages as a result of Hudson's violation of the CSPA, those damages would be tripled. The jury found Hudson had violated the Ohio CSPA by failing to advise the Burwells either verbally or *Page 8 
in writing with respect to their rights pertaining to an estimate and by failing to provide the written form required by the CSPA with respect to an estimate.
 {¶ 41} The evidence presented at trial demonstrates the total amount the Burwells paid to Hudson, when considering all the damages, far exceeded the originally agreed upon maximum price of $220,000. The jury was free to accept the evidence presented. Because the amount paid to Hudson greatly exceeded the amount originally agreed to be the maximum, we do not find the jury award unsupported by the evidence. The trial court did not err in denying Hudson's motions for judgment notwithstanding the verdict, remittitur or for a new trial.
 {¶ 42} Hudson's first, second, third and fourth assignments of error are overruled.
 V {¶ 43} In the fifth assignment of error, Hudson asserts the trial court committed reversible error in trebling the damages found by the jury pursuant to the CSPA.
 {¶ 44} Hudson cites R.C. Section 1345.11(A), which states:
 {¶ 45} "(A) In any case arising under Chapter 1345. of the Revised Code, if a supplier shows by a preponderance of the evidence that a violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error, no civil penalties shall be imposed against the supplier under division (D) of section 1345.07 of the Revised Code, no party shall be awarded attorney's fees, and monetary recovery shall not exceed the amount of actual damages resulting from the violation."
 {¶ 46} The trial court granted partial summary judgment in favor of the Burwells finding Hudson violated the CSPA, and all that remained for the jury to determine was *Page 9 
whether the Burwells sustained any damages as a proximate result of the violations. The jury determined there were damages that flowed from the violations; therefore, the court properly trebled the damages, unless there was evidence of a bona fide error notwithstanding the maintenance of procedures, reasonably adopted to avoid the error. Hudson did not present evidence of any bona fide error at trial justifying its failure to provide the written estimate. While we note appellant Hudson's citation to the testimony of Mr. Knapp offered by the Burwells, we find the same insufficient. Mr. Knapp's testimony stating he had done work pursuant to a written estimate in the past while working for Hudson and Hudson would give a written estimate if the job was conducive to a written estimate, does not demonstrate appellant Hudson maintained procedures designed to avoid the violation. Accordingly, there was not sufficient evidence offered at trial demonstrating the failure to provide the written estimate deviated from the company's regular procedures and what procedures it had adopted that were designed to avoid the violation.
 {¶ 47} Hudson's fifth assignment of error is overruled.
 CROSS-APPEAL {¶ 48} On cross-appeal, the Burwells argue the trial court erred in not awarding reasonable attorney fees for Hudson's violation of the CSPA.
 {¶ 49} As stated above, the trial court determined prior to trial via summary judgment Hudson violated the CSPA. Therefore, the only issue to be resolved at trial concerned damages attributable to the violation.
 {¶ 50} "R.C. 1345.09(F)(2) provides: *Page 10 
 {¶ 51} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 52} * * *
 {¶ 53} "(2) The supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 54} In Einhern v. Ford Motor Co. (1990) 48 Ohio St.3d 27, the Ohio Supreme Court defined "knowingly" to mean the supplier need only intentionally do the act that violates the CSPA. The supplier does not have to know his conduct violates the law for the court to grant attorney fees.
 {¶ 55} Pursuant to Ohio Adm. Code Section 109:4-3-05(B), Hudson was required to orally inform the Burwells at the time of the initial contract and prior to the commencement of work of the Burwells' right to receive a written estimate. It is undisputed Hudson failed to do so.
 {¶ 56} The trial court's May 1, 2006 Judgment Entry states, in pertinent part:
 {¶ 57} "The award of attorney fees is discretionary with the Court. The Court finds upon the evidence that plaintiff did nothing to intentionally mislead defendants . . . Under the circumstances of this case, it was the belief of plaintiff that no estimate was requested or required. . . ."
 {¶ 58} An award of attorney fees is discretionary, not mandatory. Accordingly, our standard of review is abuse of discretion.
 {¶ 59} Upon review of the record, the trial court did not abuse its discretion in not awarding attorney fees to the Burwells, considering the jury's award and the trial court's decision to treble the damages. *Page 11 
 {¶ 60} Accordingly, appellant's sole assignment of error on cross-appeal is denied.
 {¶ 61} The judgment entries of the Richland County Court of Common Pleas are affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur
 HON. WILLIAM B. HOFFMAN HON. W. SCOTT GWIN, HON. SHEILA G. FARMER. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entries of the Richland County Court of Common Pleas are affirmed. Costs in the direct appeal assessed to plaintiff-appellant/cross-appellee Hudson-Wobbecke Enterprises, Inc. DBA Hudson Construction. Costs in the cross-appeal assessed to defendants-appellees/cross-appellants Daniel D. Burwell, et al.
 HON. WILLIAM B. HOFFMAN, HON. W. SCOTT GWIN, HON. SHEILA G. FARMER. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entries of the Richland County Court of Common Pleas are affirmed. Costs in the direct appeal assessed to plaintiff-appellant/cross-appellee Hudson-Wobbecke Enterprises, Inc. DBA Hudson Construction. Costs in the cross-appeal assessed to defendants-appellees/cross-appellants Daniel D. Burwell, et al.
 HON. WILLIAM B. HOFFMAN, HON. W. SCOTT GWIN, HON. SHEILA G. FARMER. *Page 1