OPINION. *Page 2 
{¶ 1} Appellant Michelle Jenkins has raised three assignments of error after a bench trial on her claims for violations of the Ohio Consumer Sales Practices Act and on the claim of appellee Casualty Restoration Services, LLC, for unjust enrichment. Finding no error in the proceedings below, we affirm.
 Restoration Work Results in Litigation {¶ 2} Jenkins's home on Baltimore Avenue was damaged by fire. Her insurance agent introduced her to appellee Raymond Toelke. Toelke was a contractor who owned appellee Casualty Restoration Services, LLC. Jenkins invited Toelke to provide a written estimate to repair the property. Toelke prepared the estimate and faxed it to the adjuster. He also prepared a repair authorization that was signed by Jenkins. The document did not contain a notice that Jenkins had the right to rescind the agreement. At some point after the work began, Jenkins advised Toelke that she wanted changes to the structure of the residence — not just repairs — and that she was hiring a different contractor to complete the fire restoration and remodeling.
 {¶ 3} Upon learning this, Toelke stopped work on the project. When Jenkins asked for a bill for the work done to that point, Toelke sent one to the Baltimore Avenue address because she had not given a new address to Toelke. When Jenkins asked for more detail on the items in the bill, Toelke failed to provide them. Jenkins refused to pay the bill. Toelke filed a mechanic's lien against the property, but later withdrew it.
 {¶ 4} Casualty Restoration filed suit against Jenkins, claiming that she owed it for work completed for which she had not paid. Jenkins sued Toelke, claiming various *Page 3 
violations of the Ohio Consumer Sales Practices Act ("OCSPA")[1] and the Home Solicitation Sales Act ("HSSA").[2]
 {¶ 5} The trial court conducted a bench trial that spanned three days. After taking the case under advisement, the trial court issued a 16-page decision awarding $200 to Jenkins for one technical violation of the OCSPA because Toelke had failed to inform her that she had the right to rescind their contract within three days pursuant to the HSSA.[3] The trial court awarded Casualty Restoration $7482.36 for the amount of work done for Jenkins for which it had not been paid. The trial court declined to award treble damages and denied the request of all parties for an award of attorney fees. Jenkins has appealed both damage awards.
 The Award in Favor of Casualty Restoration Was Not Contrary to Law {¶ 6} In her first assignment of error, Jenkins argues that the award in favor of Casualty Restoration was contrary to law. Within the assignment, she first argues that Casualty Restoration could not have recovered under quantum meruit because it had abandoned the project and Jenkins had retained the right to rescind the contract under the HSSA. We disagree.
 {¶ 7} First, the trial court did not find that Casualty Restoration had "abandoned" the restoration project. In its decision, the trial court found that "Toelke stopped fire demolition on the residence when he was advised by Jenkins that she wanted changes to the structure of the residence and was hiring a different contractor to complete the fire demolition and remodeling." This finding was supported by some competent and credible evidence in the record and will not be disturbed on appeal. *Page 4 
 {¶ 8} We also refuse to allow a party who is making a claim under the OCSPA through a violation of the HSSA to elect to pursue damages under the OCSPA while retaining the right to rescind the contract under the HSSA. An OCSPA claimant must elect a remedy prior to trial.[4] While a party may file suit under both theories of recovery, an election must be made, and once it is made, the claimant must stand by that choice.[5]
 {¶ 9} In this case, Jenkins expressly chose to seek contract damages at the start of the trial. Having chosen to affirm the contract and seek damages under the OCSPA, Jenkins could not retain the right to rescind the contract pursuant to the predicate claim under the HSSA. "The consumer cannot cancel the contract in one context and still claim a right to enforce it in another context."[6]
 {¶ 10} Jenkins also argues that the amount awarded was against the manifest weight of the evidence. We must affirm the decision if it is supported by some competent, credible evidence.[7] Here, the trial court specifically found that Toelke was "the only witness with considerable experience in the field of fire demolition." For this reason, the trial court believed his testimony over that of witnesses who the trial court found had limited or no experience in the field. The weight to give to witnesses' testimony is reserved to the factfinder, and we will not interfere in that determination.[8]
 {¶ 11} Finally, Jenkins argues that Casualty Restoration could not collect damages because it had failed to disclose its full corporate name on the documentation presented to her. While the HSSA requires documentation to include the "name and *Page 5 
address of the seller,"[9] Jenkins has cited no authority for her assertion that failing to include "LLC" at the end of "Casualty Restoration Services" constituted a statutory violation. We refuse to so hold.
 The Trial Court Properly Found Only One Violation of theOCSPA {¶ 12} In her second assignment of error, Jenkins argues that the trial court should have found additional violations of the OCSPA for alleged "collection misconduct." The premise of the argument seems to be that, since the trial court found that Toelke had failed to prove that he was entitled to recover for certain items included in the invoice, it was a deceptive practice to have tried to collect for them. We refuse to hold that, as a matter of law, Toelke's failure to prove entitlement to certain amounts at trial meant that the invoice and the later mechanic's lien were "premised upon false or deceptive statements."
 {¶ 13} Regardless, the trial court heard the arguments presented by Jenkins and took the case under advisement. The trial court issued a 16-page decision that, with numerous citations to the 500-page trial transcript, clearly indicates a thorough review of the record and the arguments of the parties. Having undertaken this review, the trial court concluded that "the court finds that Jenkins has shown one violation, to-wit: that the Repair Authorization and Agreement * * * did not include written notice to Jenkins of her right to cancel the agreement within [three] days." This conclusion is supported by competent, credible evidence. We will not disturb it. *Page 6 
 The Denial of Attorney Fees Was Not an Abuse ofDiscretion {¶ 14} In her final assignment of error, Jenkins argues that the trial court was required to award attorney fees because she proved that Toelke had violated the OCSPA. This argument is belied by the language of the statute. R.C. 1345.09(F)(2) provides that the trial court "may award * * * a reasonable attorney fee * * * if * * * the supplier has knowingly committed an act or practice that violates this chapter." By its very language, the provision leaves the decision to award fees to the sound discretion of the trial court.[10]
 {¶ 15} In this case, the trial court declined to award attorney fees because (1) Toelke had no actual knowledge that the work was delayed; (2) the work he did was satisfactory; (3) Jenkins received value; (4) Toelke offered to complete the work at the quoted price, but Jenkins declined that offer; and (5) it was not Toelke's intent to be deceptive. In fact, the trial court noted that the determination whether there had even been a violation of the HSSA was "a close call." Under these facts, the denial of attorney fees was not an abuse of discretion.
 {¶ 16} Having found no error below, we affirm the judgment of the trial court.
Judgment affirmed.
PAINTER, P. J., and HILDEBRANDT, J., concur.
[1] R.C. 1345.01 et seq.
[2] R.C. 1345.21 et seq.
[3] R.C. 1345.23.
[4] Eckman v. Columbia Oldsmobile (1989), 65 Ohio App.3d 719, 722,585 N.E.2d 451.
[5] Id.
[6] Clemens v. Duwel (1995), 100 Ohio App.3d 423, 433,654 N.E.2d 171.
[7] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
[8] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
[9] R.C. 1345.23.
[10] Hudson-Woebbecke Enterprises Inc. v. Burwell, 5th Dist. Nos. 06-CA-58 and 06-CA-50, 2007-Ohio-1728, ¶ 57-59. *Page 1