[Cite as *Dressler v. Dressler*, 2014-Ohio-3201.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DEBRA S. DRESSLER, | : | APPEAL NO. C-130747 |
| | | TRIAL NO. DR0902267 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| DAVID BETHUNE DRESSLER, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic
Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 23, 2014

*Strauss Troy Co., L.P.A., Emily Supinger* and *Erinn McKee Hannigan*, for Plaintiff-
Appellee,

*Moskowitz & Moskowitz, LLC*, and *James H. Moskowitz*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}     Defendant-appellant David Bethune Dressler appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee Debra S. Dressler's motion to relinquish jurisdiction to a court in Ontario, Canada.  We find no merit in David's arguments, and we affirm the trial court's judgment.

{¶2}     The record shows that the parties were married in 2002, and had two children, Lucy, born in 2004, and Maya, born in 2005.  Debra also had an older daughter from a previous relationship.  Following the parties' divorce in 2009, Debra was the sole custodian for the minor children.

{¶3}     In 2010, David was placed on community control following a criminal conviction that involved possessing and modifying nude images of minor girls.  He was classified as a Tier I sex offender and ordered to stay away from Debra's daughter.  His community control is scheduled to terminate on May 26, 2015.  Due to this conviction, David's visitation with the girls was supervised.

{¶4}     The parties filed numerous motions related to custody and parenting-time issues.  In 2010, under the terms of an agreed entry, Debra and the children moved to London, Ontario, Canada so that Debra could accept a position as the rabbi of a synagogue.  A parenting-time schedule for David was developed, with the visitation mostly taking place in Michigan.  Under the terms of the court order, no visitation was to occur in Ohio, although the children came to Ohio for David's wedding.

{¶5}     Subsequently, Maya developed severe medical issues resulting from an E-coli infection.  The infection led to kidney damage and the onset of Type I

diabetes, necessitating dietary restrictions and the use of an insulin pump. Those who care for her must be specially trained regarding her medical condition and the use of the insulin pump.

{¶6} The children attend school in London, Ontario. Due to Maya's medical condition, a nurse comes to her school to monitor her eating and her insulin. Debra must accompany Maya on all school field trips. The children are also involved in extracurricular activities in London. But because of Maya's medical condition, Debra must accompany her during those activities. Additionally, all of the children's doctors are located in London, including two specialists who treat Maya.

{¶7} Debra's contract with the synagogue at which she worked was renewed for another five years. She traveled to Ohio for hearings related to the various motions, which involved a six-and-a-half-hour drive. Crossing the border from Canada into the United States took up to two hours. Any litigation in Ohio required several days and substantial planning to provide care for the children and to provide for Maya's medical needs while Debra was away. Debra incurred babysitting costs of at least $700 for overnight visits.

{¶8} David was unemployed, but planned to attend college starting in the fall of 2013. He received financial support from his parents. He was current on all of his financial obligations, owned a home, was planning a honeymoon, and had money in a bank account.

{¶9} Under the terms of his community control, David was prohibited from leaving Hamilton County, Ohio without permission. Although David had never asked for permission to leave the country, his probation officer testified that he would not allow David to leave the United States. Nevertheless, when David's

community control terminates in 2015, he will be free to travel. Debra presented testimony that because David's mother was born in Canada and was a Canadian citizen, David is a Canadian citizen. Because he is a Canadian citizen, he should be able to cross the border into Canada despite his conviction.

{¶10} In February 2013, Debra initiated a proceeding in the Ontario Superior Court by filing a "change request," the equivalent of a motion in an Ohio court, regarding David's parenting time. David made an appearance through counsel, and objected on procedural grounds to the manner in which Debra had initiated the proceeding. Based on his objection, Debra withdrew the change request and filed an "application," the equivalent of a complaint in an Ohio court, asking the Ontario court to assume jurisdiction over the parenting issues. Debra presented evidence that David could participate in the proceedings by telephone or video conference. That litigation is ongoing.

{¶11} On May 6, 2013, Debra filed a motion under R.C. 3127.21 asking the Hamilton County court to relinquish jurisdiction. After several hearings, a magistrate granted Debra's motion. David objected to the magistrate's decision. The trial court overruled the objections and adopted the magistrate's decision. The court relinquished jurisdiction over issues regarding the allocation of parental rights and responsibilities to the Ontario Superior Court.

{¶12} In his sole assignment of error, David contends that the trial court erred in relinquishing jurisdiction over issues regarding the allocation of parental rights and responsibilities to the Ontario court. He argues that the trial court's factual findings were erroneous, and that the evidence as a whole showed that jurisdiction should remain in Ohio. This assignment of error is not well taken.

4

{¶13} R.C. 3127.21(A) provides that "[a] court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum." A foreign country is treated as if it is a state of the United States for the purpose of applying R.C. 3127.21. R.C. 3127.04(A). Before determining whether it is an inconvenient forum, the Ohio court shall consider whether it is appropriate for another court to exercise jurisdiction. R.C. 3127.21(B).

{¶14} In making this determination, the court shall consider all relevant factors, including:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) The length of time the child has resided outside the state;

(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

(4) The relative financial circumstances of the parties;

(5) Any agreement of the parties as to which state should assume jurisdiction;

(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.* While the trial court must consider all the statutory factors, a reviewing court will presume that the trial court considered the relevant factors in the absence of evidence to the contrary. *Witt v. Walker*, 2d Dist. Clark No. 2012-CA-58, 2013-Ohio-714, ¶ 22-23.

{¶15} We review the trial court's judgment under an abuse-of-discretion standard. *Id.* at ¶ 28; *Kemp v. Kemp*, 5th Dist. Stark No. 2010-CA-00179, 2011-Ohio-177, ¶ 8; *Buzard v. Triplett*, 10th Dist. Franklin No. 05AP-579, 2006-Ohio-1478, ¶ 11. The term "abuse of discretion" means more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Kemp* at ¶ 8.

{¶16} The record shows that the parties presented evidence relating to all of the factors. David takes issue with some of the trial court's findings of fact. Most notably, he argues that the trial court erroneously found that he could participate in the Ontario proceedings by telephone or video conference. He correctly points out that the provision of the Ontario Court Regulations that Debra had originally submitted into evidence applied only to motions for temporary orders. But the record shows that she later rectified that error by presenting a copy of all the rules.

{¶17} David overlooks Ontario Court Regulations 114/9, Family Law Rules, Section 2, entitled "Duty to Manage Cases." It specifically states that "[t]he court shall promote the primary objective" of enabling courts to deal with cases justly "by active management of cases, which includes: if appropriate, dealing with the case without parties and their lawyers needing to come to court, on the basis of written documents, or by holding a telephone or video conference." Ontario Court

Regulations 114/9, Section 2(5)(g). Consequently, the evidence showed that David could personally participate in the proceedings by video or telephone conference.

{¶18} Further, Debra presented evidence that because David is a Canadian citizen, he will be able to enter Canada despite his criminal conviction when he is free to travel upon the termination of his community control in May 2015. He had also retained counsel in Canada and had successfully challenged the filing Debra had used to initiate the proceedings.

{¶19} Thus, competent, credible evidence supported the trial court's finding that David could participate in the proceedings in Canada. Our review of the record shows that all of the trial court's factual findings were supported by competent, credible evidence. *See Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *Cas. Restoration Serv., LLC v. Jenkins*, 1st Dist. Hamilton No. C-060983, 2007-Ohio-5131, ¶ 10.

{¶20} Further, the record shows that the trial court considered all of the statutory factors. After reviewing the record, we cannot hold that the trial court abused its discretion in weighing those factors. The primary issues that the parties had been litigating involved David's criminal history and the need to protect the children, and Maya's significant medical needs. Both of these issues can be handled by the Canadian court, particularly given that the girls have lived in Ontario for a period of time, very little visitation has occurred in Ohio, and Maya's doctors, trained babysitter, and the girls' therapists are located in Ontario. *See White v. Ritchey*, 7th Dist. Mahoning No. 12 MA 98, 2013-Ohio-4164, ¶ 15-30; *Kemp*, 5th Dist. Stark No. 2010-CA-00179, 2011-Ohio-177, at ¶ 20-23; *In re N.A.E.,* 2d Dist. Montgomery No. 21596, 2006-Ohio-5395, ¶ 8-12.

**{¶21}** We cannot hold that the trial court's decision was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See Blakemore*, 5 Ohio St.3d at 218, 450 N.E.2d 1140; *Kemp*, 5th Dist. Stark No. 2010-CA-00179, 2011-Ohio-177, at ¶ 8. Consequently, we overrule David's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note*:*

The court has recorded its own entry this date.